**Kenneth R. Davis II**, OSB No. 97113
davisk@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **GOLDEN TEMPLE OF OREGON, LLC,** | CV No. 3:09-902-KI |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT** |
| **WAI LANA PRODUCTIONS, LLC,** | (Federal Unfair Competition, Federal Trademark Dilution, Oregon Trademark Dilution, Unfair and Deceptive Trade Practices, Common Law Trademark Infringement and Unfair Competition) |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Golden Temple of Oregon, LLC ("Golden Temple" or "Plaintiff") states the following for its Amended Complaint against defendant Wai Lana Productions, LLC ("Defendant"):

1.      This is an action for unfair competition, trademark infringement and dilution, deceptive trade practices, and unlawful trade practices arising out of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (2002), ("Lanham Act"); the Oregon Unlawful Trade Practices Act, ORS §§ 646.605-646.656; and the common law.

2.      Defendant is marketing and selling food products, including snack bars and chips, under trademarks that are confusingly similar to Golden Temple's trademarks as set forth below.

PAGE 1 -   AMENDED COMPLAINT

Defendant's use of the trademarks is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Golden Temple, or as to the origin of Defendant's services, or as to their sponsorship or approval by Golden Temple, and is likely to dilute the distinctive quality of Golden Temple's trademarks.

## THE PARTIES

3.    Golden Temple is a limited liability company duly organized and existing under the laws of Oregon.

4.    Upon information and belief, Defendant is a California limited liability company, whose primary business is conducted out of the state of Hawaii.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over this action under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338, and supplemental jurisdiction over the state and common-law claims pursuant to 28 U.S.C. § 1367.   Further, this Court has jurisdiction pursuant to 28 U.S.C. § 1332a because the parties' citizenship is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.    This Court has personal jurisdiction over Defendant under 28 U.S.C. § 1331 because, on information and belief, Defendant has distributed or sold merchandise under the infringing trademarks in this state, has engaged in acts or omissions within this state causing injury, has engaged in acts or omissions outside of this state causing injury within this state, has manufactured or distributed products used or consumed within this state in the ordinary course of trade, or has otherwise made or established contacts with this state sufficient to permit the exercise of personal jurisdiction.

7.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims occurred in this District.

PAGE 2 -   AMENDED COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## FACTUAL BACKGROUND

8.      Golden Temple is one of the country's leading manufacturers of natural food and beverage products.  Golden Temple has sold its products throughout the world under various brands and trademarks, including YOGI and YOGI TEA (collectively, the "YOGI Marks"), for many years.  The YOGI Marks are non-functional and the public recognizes and understands that the YOGI Marks distinguish and identify Golden Temple products.

9.      Golden Temple has numerous federal trademark registrations issued by the United States Patent and Trademark Office, including Registration No. 3,607,292, issued on April 14, 2009, for the YOGI Mark; Registration No. 1,980,514, issued June 18, 1996, and Registration No. 3,435,101, issued May 27, 2008, for YOGI TEA.

10.     As a result of Golden Temple's promotion and sale of products under the YOGI Marks, the YOGI Marks have gained significant recognition and goodwill among the purchasing public.

11.     The YOGI Marks are inherently distinctive with respect to the products and services sold under them.

12.     Defendant is currently selling or in the past has sold food products, including chips and snack bars, under marks that are confusingly similar to one or more of the YOGI Marks, including YOGI and YOGI CHIPS (the "Infringing Marks").  Upon information and belief, Defendant's products sold under the Infringing Marks compete with Golden Temple's products sold under the YOGI Marks.

13.     Defendant's activities are likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendant with Golden Temple, and as to the origin, sponsorship, or approval of Defendant's services or commercial activities.

14.     By causing such a likelihood of confusion, mistake, and deception, Defendant is inflicting irreparable harm to the goodwill symbolized by the YOGI Marks, for which Golden Temple has no adequate remedy at law.

PAGE 3 -   AMENDED COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement—15 U.S.C. § 1114)

15.    Golden Temple realleges each of the allegations set forth in paragraphs 1 through 14 above.

16.    Defendant's use of the Infringing Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Golden Temple, or are associated or connected with Golden Temple, or have the sponsorship, endorsement, or approval of Golden Temple.

17.    Defendant's use of the Infringing Marks that are confusingly similar to Golden Temple's federally registered YOGI Marks is in violation of 15 U.S.C. § 1114, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Golden Temple's goodwill and reputation as symbolized by the federally registered YOGI Marks, for which Golden Temple has no adequate remedy at law.

18.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Golden Temple's federally registered YOGI Marks to Golden Temple's great and irreparable injury.  Upon information and belief, Defendant engaged in willful infringement targeted at Golden Temple, which Defendant knew resided in the state of Oregon.

19.    Defendant has caused and is likely to continue causing substantial injury to the public and to Golden Temple, and Golden Temple is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. § § 1114, 1116, and 1117.

PAGE 4 -   AMENDED COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition—15 U.S.C. § 1125(a))

20.     Golden Temple realleges each of the allegations set forth in paragraphs 1 through 19 above.

21.     Defendant's infringement of the YOGI Marks constitutes a false designation of origin, or a false or misleading description or representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Golden Temple, or as to the origin of Defendant's services, or as to the sponsorship or approval of Defendant's services by Golden Temple.

22.     Upon information and belief, Defendant has intentionally and willfully used the Infringing Marks in disregard of Golden Temple's rights.

23.     Golden Temple is being damaged by Defendant's use of the Infringing Marks, and will continue to be damaged unless Defendant is restrained.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution—15 U.S.C. § 1125(c))

24.     Golden Temple realleges each of the allegations set forth in paragraphs 1 through 23 above.

25.     Golden Temple has extensively and continuously promoted and used the YOGI Marks in the United States and the marks have thereby become famous and well-known symbols of Golden Temple's goods and services.

26.     Defendant is making commercial use of marks that dilute and are likely to dilute the distinctiveness of Golden Temple's YOGI Marks by eroding the public's exclusive identification of these famous marks with Golden Temple, tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the mark to identify and distinguish goods and services.

PAGE 5 -   AMENDED COMPLAINT

27.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Golden Temple's YOGI Marks to the great and irreparable injury of Golden Temple.

28.     Defendant's conduct has caused, and is likely to continue causing, substantial injury to Golden Temple's goodwill and business reputation, and dilution of the distinctiveness and value of Golden Temple's famous and distinctive YOGI Marks, in violation of 15 U.S.C. §§ 1125(c), 1116, and 1117.

## FOURTH CLAIM FOR RELIEF

### (Oregon Trademark Dilution—ORS 647.107)

29.     Golden Temple realleges each of the allegations set forth in paragraphs 1 through 28 above.

30.     Defendant's acts set forth above violate Oregon laws, and particularly ORS 647.107, in that Defendant has diluted the distinctive quality of the YOGI Marks causing irreparable harm to Golden Temple's goodwill and business reputation.  Golden Temple is entitled to injunctive relief and to recover damages, costs, and reasonable attorneys' fees.

## FIFTH CLAIM FOR RELIEF

### (Unfair and Deceptive Trade Practices—ORS § § 646.605-646.656)

31.     Golden Temple realleges each of the allegations set forth in paragraphs 1 through 30 above.

32.     Defendant has been and is passing off its goods as those of Golden Temple, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendant's goods, causing a likelihood of confusion as to Defendant's affiliation, connection, or association with Golden Temple, and/or otherwise damaging the public. Defendant's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of Oregon's Unlawful Trade Practices Act, ORS 646.605 to 646.656 (2003).

PAGE 6 -   AMENDED COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

33.    Defendant's unauthorized use of confusingly similar imitations of the YOGI Marks has caused and is likely to cause substantial injury to the public and to Golden Temple, and Golden Temple is entitled to injunctive relief and to recover damages, costs, and reasonable attorneys' fees.

## SIXTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

34.    Golden Temple realleges each of the allegations set forth in paragraphs 1 through 33 above.

35.    Defendant's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion to the irreparable injury of Golden Temple and its YOGI Marks unless restrained by this Court, as Golden Temple has no adequate remedy at law for this injury.

36.    On information and belief, Defendant acted with full knowledge of Golden Temple's use of, and statutory and common law rights to, the YOGI Marks and without regard to the likelihood of confusion of the public created by Defendant's activities.

37.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the YOGI Marks to the great and irreparable injury of Golden Temple.

38.    As a result of Defendant's acts, Golden Temple has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Golden Temple is entitled to injunctive relief, an accounting of Defendant's profits, damages, and costs.  Further, in light of the deliberately fraudulent and malicious use of confusingly similar imitations of the YOGI Marks, and the need to deter Defendant from similar conduct in the future, Golden Temple additionally is entitled to punitive damages.

PAGE 7 -   AMENDED COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## PRAYER FOR RELIEF

WHEREFORE, Golden Temple prays for judgment as follows:

1.      That Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, and each of them, be preliminarily and permanently enjoined from:

>    a.      using the YOGI Marks, or any confusingly similar variations thereof, in connection with Defendant's goods or services;

>    b.      using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusing similar to, or in any way similar to the trademarks, service marks, names, or logos of Golden Temple;

>    c.      using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Golden Temple, or are sponsored or authorized by Golden Temple or are in any way connected or related to Golden Temple;

>    d.      using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks, service marks, names, or logos of Golden Temple; and

>    e.      passing off, palming off, or assisting in passing off or palming off, Defendant's goods or services as those of Golden Temple, or otherwise

PAGE 8 -   AMENDED COMPLAINT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

continuing any and all acts of unfair competition as alleged in this Amended Complaint.

2.      That Defendant be ordered to recall all products bearing the infringing mark, or any other confusingly similar mark, which have been shipped by Defendant or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it related to said injunctive relief against Defendant.

3.      That Defendant be ordered to deliver for impoundment and destruction all goods or other materials bearing the Infringing Marks.

4.      That the Court order the United States Patent and Trademark Office to cancel Defendant's U.S. trademark registration for the YOGI CHIPS Mark (U.S. Registration No. 3,600,114) under 15 U.S.C. § 1119.

5.      That the Court order Defendant to abandon any and all U.S. trademark applications for any mark that contains the word "YOGI" or any confusingly similar variation thereof.

6.      That Golden Temple be awarded damages in an amount yet to be determined.

7.      That Defendant be compelled to account to Golden Temple for all profits derived by their actions as alleged herein.

8.      That Golden Temple be awarded damages for the injury to Golden Temple's reputation and goodwill, and damages for the injury from Defendant's false designation of origin, in an amount up to three times the actual damages sustained, pursuant to 15 U.S.C. § 1117.

9.      That Golden Temple be awarded its reasonable attorneys' fees, disbursements, and costs of this action pursuant to 15 U.S.C. § 1117.

10.     That Golden Temple be awarded prejudgment interest.

PAGE 9 -   AMENDED COMPLAINT

11.     That Golden Temple be awarded such other and further relief as this Court deems just and equitable.

<u>**JURY DEMAND**</u>

Plaintiff Golden Temple demands a jury trial on all issues properly triable before a jury.

DATED:  August 14, 2009

LANE POWELL PC


By    /s/ Kenneth R. Davis II
    Kenneth R. Davis II, OSB No. 97113
    Telephone:  503.778.2121
Attorneys for Plaintiff

PAGE 10 -  AMENDED COMPLAINT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200