**Robert A. Shlachter,** OSB No. 911718
Email: rshlachter@stollberne.com
**Keil M. Mueller,** OSB No. 085535
Email: kmueller@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

**James Juo,** Admitted *pro hac vice*
Email: jjuo@fulpat.com
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, CA  90045
Telephone:    (310) 824-5555
Facsimile:    (310) 824-9696

**Attorneys for Defendant Wai Lana Productions, LLC**

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GOLDEN TEMPLE OF OREGON, LLC, an Oregon limited liability company, | Case No. 3:09-CV-902-KI |
| Plaintiff, | |
| v. | **DEFENDANT WAI LANA PRODUCTIONS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(B)(7), OR IN THE ALTERNATIVE, TO STAY** |
| WAI LANA PRODUCTIONS, LLC, a California limited liability company, | |
| Defendant. | |
| | **ORAL ARGUMENT REQUESTED** |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................1

II.   FACTUAL BACKGROUND ...............................................................................2

      A.    Yogi Bhajan and "Yogi Tea" ...............................................................2

      B.    Golden Temple of Oregon ("GTO") Succeeds The Yogi Tea Company ...............3

      C.    GTO's Imminent Sale Of Its Yogi Cereal Business .................................4

III.  LEGAL ARGUMENT .........................................................................................5

      A.    GTO's Action Must Be Dismissed For Failure To Join A Party Under
            Rule 19 ...................................................................................................5

            1.    Legal Standards For Dismissing Action .....................................5

            2.    Bibiji Is A Necessary Party.........................................................6

                  a.    Legal Standards For A Necessary Party Under Rule 19(a) ...........6

                  b.    A Trademark Owner Is A Necessary Party......................7

                  c.    Bibiji Has A Claim Of Ownership To "Yogi Tea"..........8

            3.    Bibiji Is An Indispensable Party Whose Joinder Is Not Feasible ..............12

                  a.    No Personal Jurisdiction Over Bibiji In Oregon............................12

                  b.    Legal Standards For An Indispensable Party Under Rule
                        19(b)........................................................................................12

                  c.    The Four Factors Of Rule 19(b) Require Dismissal .....................13

      B.    In The Alternative, A Stay Would Promote Judicial Efficiency ...........................14

IV.   CONCLUSION...................................................................................................16

# TABLE OF AUTHORITIES

**Federal Cases**

*Association of Co-Op Members v. Farmland Industrial, Inc.*,
   684 F.2d 1134 (5th Cir. 1982) ...................................................................................................8

*B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc.*,
   516 F.3d 18 (1st Cir. 2008) .....................................................................................................13

*Ballet Tech Foundation, Inc. v. The Joyce Theater Foundation, Inc.*,
   89 U.S.P.Q. 2d 1262 (T.T.A.B. 2008) ....................................................................................10

*Barr v. Sasser*,
   24 U.S.P.Q. 2d 1942 (N.D. Okla. 1992) .................................................................................15

*Basic Incorporated v. Rex*,
   167 U.S.P.Q. 696 (T.T.A.B. 1970) ..........................................................................................10

*CP National Corp. v. Bonneville Power Admin.*,
   928 F.2d 905 (9th Cir. 1991) ....................................................................................................7

*Central Fidelity Banks, Inc. v. First Bankers Corp. of Florida*,
   225 U.S.P.Q. 438 (T.T.A.B. 1984) ..........................................................................................10

*Clinton v. Babbitt*,
   180 F.3d 1081 (9th Cir. 1999) ..................................................................................................6

*Faunce v. Bird*,
   210 F.R.D. 725 (D. Or. 2002) .............................................................................................7, 12

*Gray & Co. v. Firstenberg Machine Co., Inc.*,
   913 F.2d 758 (9th Cir. 1990) ..................................................................................................12

*Haas v. Jefferson National Bank of Miami Beach*,
   442 F.2d 394 (5th Cir. 1971) ............................................................................................11, 13

*Howard Johnson Co. v. Ho-Jo Campsite, Inc.*,
   273 F. Supp. 447 (M.D. Fla. 1967) ...........................................................................................9

*International Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ................................................................................................................12

*JTG of Nashville, Inc. v. Rhythm Band, Inc.*,
   693 F. Supp. 623 (M.D. Tenn. 1988) .......................................................................7, 8, 11, 13

*Lion Petroleum of Missouri, Inc. v. Millennium Super Stop, LLC*,
   467 F. Supp. 2d 953 (E.D. Mo. 2006) ...................................................................................6, 8

*Lisseveld v. Marcus,*
    173 F.R.D. 689 (M.D. Fla. 1997).............................................................................7, 8, 11, 13

*Makah Indian Tribe v. Verity,*
    910 F.2d 555 (9th Cir. 1990) .......................................................................................5, 12

*Marrero Enterprises of Palm Beach, Inc. v. Estefan Enterprises, Inc.,*
    No. 06-81036, 2007 WL 4218990 (S.D. Fla. Nov. 29, 2007) .............................................7

*Moore v. Ashland Oil Inc.,*
    901 F.2d 1445 (7th Cir. 1990) ......................................................................................5, 6

*Oregon State Public Interest Research Group, Inc. v. Pacific Coast Seafoods Co.,*
    341 F. Supp. 2d 1170 (D. Or. 2004) ..................................................................................6

*Pliant Corp. v. MSC Marketing & Tech., Inc.,*
    355 F. Supp. 2d 926 (N.D. Ill. 2005) ...............................................................................12

*Republic of Philippines v. Pimentel,*
    128 S. Ct. 2180 (2008).....................................................................................................13

*Schulman v. J.P. Morgan Investment Management, Inc.,*
    35 F.3d 799 (3d Cir. 1994)...............................................................................................13

*Shell Oil Co. v. Aetna Casualty And Surety Co.,*
    158 F.R.D. 395 (N.D. Ill. 1994).......................................................................................14

*Shermoen v. United States,*
    982 F.2d 1312 (9th Cir. 1992) ...........................................................................................5

*St. James v. New Prague Area Community Center,*
    No. 06-1472, 2006 WL 2069197 (D. Minn. Jul. 26, 2006) .....................................................7

*Sunriver Resort Ltd. Partnership v. Sun River St. George Development, L.C.,*
    No. 04-292-KI, 2005 WL 273021 (D. Or. Feb. 1, 2005)........................................................12

*Turner v. HMH Publishing Co., Inc.,*
    380 F.2d 224 (5th Cir. 1967) ...........................................................................................10

*Volkswagenwerk AG v. Hoffman,*
    489 F. Supp. 678 (D.S.C. 1980).........................................................................................9

*Warner Brothers Inc. v. Road Runner Car Wash, Inc.,*
    189 U.S.P.Q. 430 (T.T.A.B. 1975) ...................................................................................10

*Wilbur v. Locke,*
    423 F.3d 1101 (9th Cir. 2005) ....................................................................................5, 6, 7

**Docketed Cases**

*Bibiji Inderjit Kaur Puri v. Golden Temple of Oregon, LLC,*
  No. 10-882 ............................................................................................................................4

*Sikh Dharma International v. Singh,*
  No. 090913281........................................................................................................................4

**Federal Statutes**

15 U.S.C. § 1055..........................................................................................................................10

Fed. R. Civ. P. 12(b)(7).........................................................................................................1, 5, 16

Fed. R. Civ. P. 19 adversary committee note.......................................................................13, 14

Fed. R. Civ. P. 19(a) ..........................................................................................................6, 7, 11, 12

Fed. R. Civ. P. 19(a)(1)(B)(i).....................................................................................................11

Fed. R. Civ. P. 19(a)(1)(B)(ii)...................................................................................................11

Fed. R. Civ. P. 19(b) .......................................................................................................6, 12, 13

**Treatises**

J. Thomas McCarthy, 3 *McCarthy on Trademarks and Unfair Competition* § 18.15
  (4th ed. 2009)..........................................................................................................................15

Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1359 (3d ed. 2004) .....................14

## I.    INTRODUCTION

Plaintiff Golden Temple of Oregon, LLC ("GTO") has accused Defendant Wai Lana Productions, LLC ("Wai Lana") of infringing the "Yogi Tea" trademark.  However, this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7) because another party may be the real party in interest:

- Bibiji Inderjit Kaur Puri ("Bibiji" or "Inderjit Puri") has claimed ownership of the "Yogi Tea" mark, and has filed a complaint against GTO in the Central District of California seeking to have GTO assign the trademark registrations for "Yogi Tea" to her;

- Bibiji is an individual residing in Los Angeles, California, and if joinder is not feasible because there is no personal jurisdiction in Oregon over her, then this action must be dismissed for failure to join a necessary and indispensable party; and

- In the alternative, if the action is not immediately dismissed, the Court should stay all further proceedings here pending resolution of the *Bibiji* case in the Central District of California.

Bibiji has claimed ownership of the "Yogi Tea" marks at issue in this litigation, and this crucial issue cannot be resolved in her absence.  If she cannot be joined, the action should be dismissed.  If the action is not immediately dismissed, the Court should, at a minimum, stay all further proceedings in this case until the ownership question in the pending *Bibiji* litigation is resolved.

**Page  1 -    DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(B)(7), OR, IN THE ALTERNATIVE, TO STAY**

## II.    FACTUAL BACKGROUND

### A.    Yogi Bhajan and "Yogi Tea"

Bibiji Inderjit Kaur Puri is the widow of Yogi Bhajan—a well-known spiritual leader of Kundalini Yoga and Sikhism in the United States. Exh. A at 3. Yogi Bhajan was born Harbhajan Singh on the Indian subcontinent, and was known as a Master of Kundalini Yogi by the age of 16. Exh. A at 4. In the late 1960's, he immigrated from India to Canada, and then to the United States, in order to bring Kundalini Yoga to the West. Exh. A at 4. Yogi Bhajan formed teaching centers under the name 3HO (or the Healthy, Happy, Holy Organization) to promote his concept that every human possessed the birthright to be healthy, happy, and holy. Exh. A at 4. There are now over three hundred 3HO centers in thirty-five countries.

Beginning around 1969, Yogi Bhajan began serving his students a special spiced tea that he had developed. Exh. A at 5. His students affectionately named his tea, "Yogi Tea." Exh. A at 5, 28, 34, 37, and 42.

In or around 1983 or 1984, some of Yogi Bhajan's students formed a company to sell his "Yogi Tea." Exh. A at 5; Exh. D at 1. This company, Yogi G, Inc., also did business as The Yogi Tea Company. Exhs. A at 5, and B at 1. Yogi Bhajan granted the company a license to use his name and likeness and the trademark "Yogi Tea" to market teas using his formulations. Exh. A at 5. A declaration signed by The Yogi Tea Company's Director of Research and Development in 1995 averred, among other things, that a prior 1982 article about a "Yogi Tea" recipe by Yogi Bhajan was referring to one of the recipes for The Yogi Tea Company's "Yogi Tea" product. Exhs. C at "page 15" (Washington Post article dated March 4, 1982), and D at 2. This declaration had been submitted by the company in order to overcome a refusal by the U.S.

Page 2 - **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(B)(7), OR, IN THE ALTERNATIVE, TO STAY**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

Patent and Trademark Office ("USPTO") to register "Yogi Tea" for tea. Exh. C. The company

also claimed to have sold over $5 million dollars worth of "Yogi Tea" between 1983 and 1995.

Exh. D at 1.

**B.  Golden Temple of Oregon ("GTO") Succeeds The Yogi Tea Company**

Plaintiff GTO was formed as a successor to The Yogi Tea Company, and continued to

license Yogi Bhajan's name and his trademarks (collectively referred to as the "Licensed

Marks") which included the "Yogi Tea" marks. Exh. A at 5-6.

For over twenty years, GTO and its predecessor, The Yogi Tea Company, linked Yogi

Bhajan to "Yogi Tea" on its packaging, its websites, and other sales and marketing materials.

Exh. A at 5-6 and 20-44. As recently as 2005, GTO's website heralded Yogi Bhajan as the

"'yogi' behind Yogi Tea." Exh. A at 37.

GTO's license was later replaced with a license dated October 1, 2004, between GTO and

the Living Trust for Yogi Bhajan and his wife Bibiji Inderjit Kaur Puri, which reflected "the

desire of the Licensor [Yogi Bhajan's Living Trust] to maintain the existing level of royalty

income and the desire of Licensee [GTO] to pay reduced royalty rates for increasing levels of its

Gross Sales" which included the tea products. Exh. E at 3, 4 and 16. The license covered "any

trademark . . . used by or identifying [Yogi Bhajan]." Exh. E at 4. The Living Trust owned and

controlled the trademark rights and other intellectual property of the Yogi Bhajan. Exh. A at 6.

Yogi Bhajan passed away a few days later on October 6, 2004, at the age of 75. Exh. A at 5.

After Yogi Bhajan's death, the Living Trust was terminated, and his widow, Bibiji Inderjit Kaur

Puri, received a fifty percent interest in and to the trust assets, including the trademarks and other

intellectual property rights related to Yogi Bhajan. Exh. A at 6-7.

**Page 3 -  DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
        SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(B)(7), OR, IN
        THE ALTERNATIVE, TO STAY**

In late 2008, GTO terminated the license and ceased paying royalties due under the license. Exh. A at 6. GTO announced that it had ceased using Yogi Bhajan's name and likeness, but GTO has continued to use the "Yogi Tea" mark associated with Yogi Bhajan and to tout the connection between "Yogi Tea" and Yogi Bhajan on GTO's yogiproducts.com website. Exh. A at 6 and 42.

On February 5, 2010, Yogi Bhajan's widow, Bibiji Inderjit Kaur Puri filed a lawsuit against GTO in the U.S. District Court for the Central District of California. Exh. A (complaint for *Bibiji Inderjit Kaur Puri v. Golden Temple of Oregon, LLC*, No. 10-882 JFW). Because GTO terminated its license, Bibiji alleges that "GTO no longer has any right to use the Licensed Marks, including the 'Yogi Tea' mark," and has "expanded the use of the Yogi mark to cereals without authority." Exh. A at 6. The lawsuit also seeks to have GTO assign the "Yogi Tea" registrations to her. Exh. A at 10-13.

In addition to the *Bibiji* lawsuit in California, members of Sikh Dharma International (a Sikh community organization) filed a lawsuit against the management of GTO in the Multnomah County Circuit Court in Oregon. *See Sikh Dharma Int'l v. Singh*, No. 090913281. In that case, the allegations, which include fraud, conversion, and breach of fiduciary duty, apparently arose from the restructuring of GTO's cereal and tea operations. Exhs. G and J.

**C.    GTO's Imminent Sale Of Its Yogi Cereal Business**

Sometime in mid-2009, GTO began selling "Yogi" cereal without authority from Bibiji. Exh. A at 6. In February 2010, GTO announced that it was selling its cereal business, including the "Yogi" cereal line. Exh. H. Indeed, a stipulated order to safeguard the proceeds of such a sale was filed in the *Sikh Dharma* case on February 25, 2010, so as to pave the way for the sale.

**Page 4 -    DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(B)(7), OR, IN THE ALTERNATIVE, TO STAY**

Exhs. G and I. As recently as March 13, 2010, GTO's attorney was quoted as saying that the proposed sale of GTO's cereal business was moving forward sometime in April 2010. Exh. K. The potential buyer for GTO's "Yogi" cereal business, however, has not been identified.

In this litigation, GTO has alleged trademark infringement against Defendant Wai Lana for selling cereal-based food products under the "Yogi Chips" mark. [Dkt. No. 5 at 3, Am. Compl.]. Wai Lana has not yet filed its Answer and Counterclaims. Wai Lana has a trademark registration for "Yogi Chips," the application for which was filed on August 9, 2004, and which was used in commerce as early as February 20, 2009. See Exh. L. GTO, on the other hand, only started using the "Yogi" name with its cereal products sometime later in 2009. Exh. A at 6.

## III.    LEGAL ARGUMENT

### A.    GTO's Action Must Be Dismissed For Failure To Join A Party Under Rule 19

#### 1.    Legal Standards For Dismissing Action

Federal Rule of Civil Procedure 12(b)(7) authorizes the Court to dismiss GTO's complaint for failing to join a party under Federal Rule of Civil Procedure 19. *See Wilbur v. Locke*, 423 F.3d 1101 (9th Cir. 2005); *see also Moore v. Ashland Oil Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990) (The purpose of Rule 19 is "to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources."). The moving party bears the burden of persuasion in showing that dismissal is necessary. *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992). The parties may submit declarations and other supplemental materials to support their positions on the absence of a Rule 19 party. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

**Page 5 -    DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(B)(7), OR, IN THE ALTERNATIVE, TO STAY**

Application of Rule 19 involves three successive inquiries. *Wilbur*, 423 F.3d. at 1111-1112. First, the Court must determine whether that party is "necessary." *Id.* at 1112 (citing Rule 19(a)); *Clinton v. Babbitt*, 180 F.3d 1081, 1088 (9th Cir. 1999) (a party is necessary if complete relief cannot be afforded without joinder); *Lion Petroleum of Missouri, Inc. v. Millennium Super Stop, LLC*, 467 F. Supp. 2d 953, 956 (E.D. Mo. 2006) ("Although the current version of the Rule does not use the term 'necessary,' that term often is used as a synonym for 'needed for just adjudication.'" (citation omitted)).

If the party is "necessary," then the Court must determine if it is feasible to join that party. *Wilbur*, 423 F.3d. at 1112. Joinder is not feasible if the court cannot exercise personal jurisdiction over the necessary party. *Oregon State Public Interest Research Group, Inc. v. Pacific Coast Seafoods Co.*, 341 F. Supp. 2d 1170, 1178 (D. Or. 2004).

If joinder is not feasible, then the Court must determine whether that party is "indispensable" such that the action must be dismissed. *Wilbur*, 423 F.3d. at 1112; *Moore*, 901 F.2d at 1447 (if a necessary party cannot be included in the action, then the court must decide whether the action can proceed in that party's absence under Rule 19(b)).

 2. **Bibiji Is A Necessary Party**

 a. **Legal Standards For A Necessary Party Under Rule 19(a)**

A "necessary" party is one that must be joined as a party in the action if:

(1)    In the person's absence, complete relief cannot be accorded among who are those already parties; or

(2)    The person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical

. Page 6 -  **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(B)(7), OR, IN THE ALTERNATIVE, TO STAY**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

matter impair or impede the person's ability to protect that interest, or (ii) leave

any of the persons already parties subject to a substantial risk of incurring double,

multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a); *see also Wilbur*, 423 F.3d at 1112.

Necessary parties are those "persons having an interest in the action who should be made

parties so that the court may 'finally determine the entire controversy, and do complete justice,

by adjusting all the rights involved in it.'" *Faunce v. Bird*, 210 F.R.D. 725, 727 (D. Or. 2002)

(quoting *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991)).

### b.    A Trademark Owner Is A Necessary Party

It is necessary for the owner of a trademark to be made a party to an infringement action

involving the owner's mark:

> The licensor [i.e., owner] of a trademark that is the subject of an infringement
> action by a licensee falls squarely within the language and policy of Rule 19. [The
> licensor or owner of the mark] has a legally protected interest in the subject matter
> of the action. A judgment for the alleged infringer, whether based on a finding
> that the licensed mark is not a valid trademark or that the defendant's mark does
> not infringe it, may prejudice the licensor's [i.e., owner's] rights in his own mark.
> A judgment for the plaintiff-licensee could result in double obligations for the
> defendant, should the licensor [i.e., owner] subsequently sue on his own.

*Lisseveld v. Marcus*, 173 F.R.D. 689, 693 (M.D. Fla. 1997) (quoting *JTG of Nashville, Inc. v.*

*Rhythm Band, Inc.*, 693 F. Supp. 623, 626 (M.D. Tenn. 1988)).

Thus, in actions concerning trademark rights, the owner of a trademark is a necessary

party under Rule 19, so that the Court may accord complete relief among the parties, and avoid

the risk of multiple or inconsistent obligations or repetitive litigation arising from the same facts.

*Marrero Enters. of Palm Beach, Inc. v. Estefan Enters., Inc.*, No. 06-81036, 2007 WL 4218990,

at *2 (S.D. Fla. Nov. 29, 2007); *St. James v. New Prague Area Community Ctr.*, No. 06-1472,

Page 7 -  **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN**
           **SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(B)(7), OR, IN**
           **THE ALTERNATIVE, TO STAY**

2006 WL 2069197, at *2 (D. Minn. Jul. 26, 2006) ("It is well established, in suits for patent and

trademark infringement, that the owner of the patent or trademark is subject to compulsory

joinder."); *Lion Petroleum*, 467 F. Supp. 2d at 956 (the owner of the trademark is a necessary

party in a suit for trademark infringement); *JTG*, 693 F. Supp. at 626 ("Courts have held

consistently that the owner of allegedly infringed intellectual property rights is a person needed

for just adjudication under Rule 19."); *Ass'n of Co-Op Members v. Farmland Indus., Inc.*, 684

F.2d 1134, 1143 (5th Cir. 1982) (licensor of trademark is typically a necessary and indispensable

party in an infringement action). A trademark owner "presents a prime example of a party to be

joined, if feasible, under Rule 19." *Lisseveld*, 173 F.R.D. at 694.

c.    <strong>Bibiji Has A Claim To Ownership Of "Yogi Tea"</strong>

Here, Bibiji is a necessary party because of her claim to ownership of the "Yogi Tea"

marks. "Yogi Tea" was used by Yogi Bhajan to describe his tea, and has been identified with

him from the beginning. Exh. A at 5-6. GTO built its business on Yogi Bhajan's name and his

"Yogi Tea."

Bibiji has alleged that GTO and its predecessor had taken licenses to use the "Yogi Tea"

mark. Exh. A at 6. The last license of October 1, 2004 between GTO and the Living Trust,

covered "any trademark . . . used by or identifying [Yogi Bhajan]."[1] Exh. E at 4. The Living

Trust owned Yogi Bhajan's trademarks including "Yogi Tea," and after the Living Trust was

---

[1] While the October 1, 2004 license agreement does not expressly identify "Yogi Tea" as a
licensed trademark, the agreement did not exhaustively list every licensed trademark. In addition to the
trademarks listed in Exhibit 1.4 of the agreement, the definition of "Licensed Trademarks" under the
agreement also included the "Marks" in Section 1.2, which was defined to mean "any trademark . . . used
by or identifying" Yogi Bhajan. Exh. D at 4 (emphasis added). As discussed herein, "Yogi Tea" was a
trademark "used by or identifying" Yogi Bhajan.

**Page 8 -    DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(B)(7), OR, IN
THE ALTERNATIVE, TO STAY**

terminated with the passing of Yogi Bhajan, Bibiji acquired ownership of the "Yogi Tea" marks. Exh. A at 6-7.

In late 2008, after having used Yogi Bhajan's name and his "Yogi Tea" marks for over twenty years to build its business, GTO abruptly terminated its license. Exhs. A at 6, and J at 3. Bibiji alleges that, as a consequence of its termination, GTO no longer has any right to the "Yogi Tea" marks. Exhs. A at 6. Bibiji filed a lawsuit against GTO seeking to vindicate her rights to and ownership of the "Yogi Tea" marks. Exh. A.

Not surprisingly, GTO has disputed Bibiji's ownership claim. GTO has argued that it, and not Bibiji, owns the "Yogi Tea" mark because the students who formed GTO's predecessor were the ones who originated and used the term "Yogi Tea," and therefore are the ones "who own the term." Exh. F at 11. There are several reasons why GTO's argument does not change the conclusion that Bibiji is a necessary party to this litigation.

First, the term "Yogi Tea," even if coined by Yogi Bhajan's students, was so clearly associated with Yogi Bhajan that it could confer protectable trademark rights on him. *See Howard Johnson Co. v. Ho-Jo Campsite, Inc.*, 273 F. Supp. 447-448 (M.D. Fla. 1967) (An injunction was awarded against a campsite's use of the name "Ho Jo" because it was a nickname coined by the public and later adopted by the Howard Johnson restaurant chain.); *see also Volkswagenwerk AG v. Hoffman*, 489 F. Supp. 678, 681 (D.S.C. 1980) (Volkswagen had protectable trademark rights to the nickname "Bug" coined by the public for its automobile). Indeed, GTO's own advertising and marketing materials are replete with statements that "Yogi Tea" refers to Yogi Bhajan's tea. Exh. A at 5-6 and 20-44.

**Page 9 - DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(B)(7), OR, IN THE ALTERNATIVE, TO STAY**

Second, Yogi Bhajan himself used "Yogi Tea" to describe his spiced tea. For example, a 1982 article refers to a "Yogi Tea" recipe by Yogi Bhajan. Exhs. C at "page 15," and D at 2. In addition to being an example of Yogi Bhajan's own use of "Yogi Tea" to describe his tea, it also predates the 1983 date of first use claimed by GTO's predecessor. Exh. D at 1.

Third, as a licensee of Yogi Bhajan's "Yogi Tea," the use by GTO (and its predecessor) of the "Yogi Tea" mark inured to Yogi Bhajan's benefit, even if Yogi Bhajan himself did not use the mark. *See* 15 U.S.C. § 1055; *Turner v. HMH Publ'g Co., Inc.*, 380 F.2d 224, 229 (5th Cir. 1967) (Trademark rights may be acquired solely through use by licensees.); *Basic Incorporated v. Rex*, 167 U.S.P.Q. 696, 697 (T.T.A.B. 1970) (The use of a trademark by a corporation inured to benefit of its officer who owned the mark based on an oral license between the corporation and its officer.); *Warner Bros. Inc. v. Road Runner Car Wash, Inc.*, 189 U.S.P.Q. 430, 432 (T.T.A.B. 1975) ("[W]here an opposer, as licensor of a mark, has continuously been paid royalties by his licensees, he is likely to be damaged by the registration to another of the same or a similar mark for use in connection with the same or similar services."); *Central Fidelity Banks, Inc. v. First Bankers Corp. of Florida*, 225 U.S.P.Q. 438, 439-440 (T.T.A.B. 1984) (Use of a mark by a licensee inures to the benefit of the purported owner of the trademark.); *Ballet Tech Found., Inc. v. The Joyce Theater Found., Inc.*, 89 U.S.P.Q.2d 1262 (T.T.A.B. 2008) (Even though the registrant had been the only user of the trademark, another party was found to be the owner of the trademark because of an implied license between the parties). As a consequence of Yogi Bhajan's Living Trust, Bibiji now owns the "Yogi Tea" marks. Exh. A at 6-7.

The fact that GTO disputes Bibiji's claim to ownership of the "Yogi Tea" marks further establishes why her presence is critical to this litigation. Bibiji must be joined because a

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

judgment in favor of GTO's ownership of the "Yogi Tea" marks in this action could impair or

impede Bibiji's ability to protect her ownership interest in the "Yogi Tea" marks. *See* Fed. R.

Civ. P. 19(a)(1)(B)(i); *Lisseveld*, 173 F.R.D. at 694 ("This Court's determination of ownership of

the [mark] will undoubtedly affect the interests of any person who claims a right to use the

[mark]."); *Haas v. Jefferson Nat'l Bank of Miami Beach*, 442 F.2d 394, 398 (5th Cir. 1971) (In a

suit for an injunction to direct the defendant to issue certain stock to the plaintiff, a third party

apparently owned the stock, and the Court held that joinder of the third party was necessary

because "his presence is critical to the disposition of the important issues in the litigation.").

Indeed, because her ownership claim would refute GTO's standing to assert infringement of the

"Yogi Tea" marks, GTO would be highly motivated to undercut Bibiji's claim to ownership of

the "Yogi Tea" marks at every turn.

In addition, Bibiji must be joined as a party to this action because, whether or not GTO

somehow prevails in this litigation, Bibiji on her own could later try to sue Wai Lana for

infringing the same marks. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii); *JTG*, 693 F. Supp. at 627; *Haas*,

442 F.2d at 398.

Thus, GTO's opposition to Bibiji's ownership claim reinforces the conclusion that this

crucial issue cannot be resolved in her absence because it would, as a practical matter, impair her

ability to protect her ownership claim to the "Yogi Tea" marks, as well as leave Wai Lana with a

substantial risk of incurring multiple, or otherwise inconsistent, obligations to two different

supposed owners. *See* Fed. R. Civ. P. 19(a). Simply put, Bibiji is a necessary party for this

trademark infringement action.

**Page 11 - DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(B)(7), OR, IN
THE ALTERNATIVE, TO STAY**

### 3.    Bibiji Is An Indispensable Party Whose Joinder Is Not Feasible

#### a.    No Personal Jurisdiction Over Bibiji In Oregon

Wai Lana is unaware of any contacts by Bibiji with Oregon sufficient to confer personal jurisdiction over her in this State. *See Gray & Co. v. Firstenberg Mach. Co., Inc.*, 913 F.2d 758, 760 (9th Cir. 1990) ("Oregon's long-arm statute confers jurisdiction to the extent permitted by due process."); *Sunriver Resort Ltd. P'ship v. Sun River St. George Dev. L.C.*, No. 04-292-KI, 2005 WL 273021, at *2 (D. Or. Feb. 1, 2005) ("Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). If there is no personal jurisdiction over Bibiji in Oregon, the analysis turns to whether Bibiji is "indispensable" under Rule 19(b).

#### b.    Legal Standards For An Indispensable Party Under Rule 19(b)

If a necessary party cannot be joined pursuant to Rule 19(a), then the court must determine under Rule 19(b) whether the party is "indispensable" and whether in "equity and good conscience" the action can proceed without the party. *Faunce*, 210 F.R.D. at 727. In making its determination, the Court should consider: (1) the extent to which its judgment may prejudice the absent party or the parties already before the court; (2) the extent to which such prejudice may be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether judgment rendered in the person's absence would be adequate; and (4) whether plaintiff will have an adequate remedy elsewhere, if the action is dismissed for nonjoinder. *Makah Indian Tribe*, 910 F.2d at 558 (citing Fed. R. Civ. P. 19(b)). "If an indispensable party cannot be joined, then the whole case must be dismissed." *Pliant*

**Page 12 - DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(B)(7), OR, IN THE ALTERNATIVE, TO STAY**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

*Corp. v. MSC Mktg. & Tech., Inc.,* 355 F. Supp. 2d 926, 928 (N.D. Ill. 2005).

     **c.**       **The Four Factors Of Rule 19(b) Require Dismissal**

     The first factor ("prejudice") favors dismissal for at least two reasons. First, as previously discussed, resolving Bibiji's ownership claim in her absence would prejudice her ability to protect that ownership claim, as well as leave Wai Lana with a substantial risk of incurring multiple, or otherwise inconsistent, obligations to two different supposed owners. *See Lisseveld,* 173 F.R.D. at 694; *JTG,* 693 F. Supp. at 627; *Haas,* 442 F.2d at 398-399. GTO surely would be highly motivated to undermine Bibiji's claim to ownership of "Yogi Tea" marks because her ownership claim would refute GTO's standing to assert infringement of the "Yogi Tea" marks at the heart of this case. Second, Bibiji could be prejudiced by collateral estoppel with respect to any judgment here regarding the "Yogi Tea" marks. *See Schulman v. J.P. Morgan Inv. Mgmt., Inc.,* 35 F.3d 799, 806 (3d Cir. 1994) ("Prejudice under Rule 19(b) . . . implicates principles of collateral estoppel."); *see also B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc.,* 516 F.3d 18, 24 (1st Cir. 2008) (Aside from collateral estoppel, a nonparty may still be adversely affected by potential "persuasive precedent.").

     The second factor ("shaping the relief") also favors dismissal. Wai Lana is unaware of any means to fashion a judgment in this action that would avoid the prejudice discussed above.

     The third factor ("adequacy of the judgment") also favors dismissal because judgment in the absence of Bibiji could leave Wai Lana subject to a later suit by Bibiji for infringing the same marks. *See JTG,* 693 F. Supp. at 627; *Haas,* 442 F.2d at 399. This would not promote the public interest in the efficient and final disposition of legal disputes. *Republic of Philippines v. Pimentel,* 128 S. Ct. 2180, 2193 (2008) (The third factor of Rule 19(b) addresses the public interest in "the avoidance of multiple litigation.").

     The fourth factor ("adequate remedy") also favors dismissal because of the availability of an alternate forum for GTO's infringement claim. *See* Fed. R. Civ. P. 19 advisory committee's

**Page 13 - DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(B)(7), OR, IN THE ALTERNATIVE, TO STAY**

note (The fourth factor considers whether "the plaintiff, if dismissed, could sue effectively in another forum where better joinder would be possible."); *see also Shell Oil Co. v. Aetna Cas. And Sur. Co.*, 158 F.R.D. 395, 402 (N.D. Ill. 1994). Here, GTO can file in the Central District of California where Bibiji has already filed suit against GTO, and where Wai Lana could be subject to service of process.

In view of the four factors discussed above, this action cannot proceed without joining Bibiji as a party. If she cannot be joined because of a lack of personal jurisdiction in Oregon, then Wai Lana's motion to dismiss this action should be granted.

**B.    In The Alternative, A Stay Would Promote Judicial Efficiency**

In the alternative, the Court should stay the proceedings in this matter pending resolution of the *Bibiji* case in the Central District of California. The *Bibiji* case is likely to resolve many, if not all, of the issues raised by Wai Lana's 12(b)(7) motion. For example, if Bibiji is found to be the true owner of the "Yogi Tea" marks, then GTO would not have standing for its trademark claims against Wai Lana, and this case would have to be dismissed.

If the *Bibiji* case does not fully resolve all of the issues raised by Wai Lana's motion to dismiss, then the Court can assess how best to proceed at the conclusion of the *Bibiji* litigation, including whether to allow limited discovery regarding the remaining Rule 12(b)(7) issues. *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1359 (3d ed. 2004) (The court may defer deciding a Rule 12(b)(7) motion "until after discovery on the relevant issues."); Fed. R. Civ. P. 19 advisory committee note (A decision on joinder "may properly be deferred if adequate information is not available at the time.").

Furthermore, GTO has made numerous public statements that it intends to sell its "Yogi" cereal business to a third party shortly (and possibly as early as April 2010). Exhs. H, I, and K.

**Page 14 - DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(B)(7), OR, IN THE ALTERNATIVE, TO STAY**

GTO cannot sell its "Yogi" cereal business to a third party, and then assert trademark infringement against Wai Lana's "Yogi Chips" for cereal-based products. *See* J. Thomas McCarthy, 3 *McCarthy on Trademarks and Unfair Competition* § 18.15 (4th ed. 2009) ("The assignor obviously cannot turn around and continue use of the trademark which he has sold to another."); *see also Barr v. Sasser*, 24 U.S.P.Q.2d 1942, 1945-1946 (N.D. Okla. 1992) (Defendant Kenneth Sasser sold his trademark "DRAPERIES BY KEN SASSER" to his son-in-law, and thereafter was precluded from using the name "Ken Sasser" in a competing business.). Moreover, this third party buyer also may become another necessary party to this litigation, whether as a plaintiff or as a counterclaim-defendant. For example, it may be necessary to join this third party buyer as the real party in interest. Also, Wai Lana may assert a counterclaim of infringement against this third party buyer after it purchases GTO's "Yogi" cereal business since Wai Lana's trademark rights and actual use of its "Yogi Chips" mark predate GTO's, and hence the potential third party buyer's, trademark rights and actual use of "Yogi" on cereal.

A stay to allow these matters regarding the ownership of the "Yogi Tea" marks to play out would further the orderly administration of this case with the proper parties in interest.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

## IV.    CONCLUSION

Wai Lana respectfully request that the Court dismiss GTO's action under Rule 12(b)(7) for failure to join a party under Rule 19. Bibiji has a legitimate claim to ownership of the "Yogi Tea" marks at issue in this case, and this crucial issue cannot be resolved in her absence. In the alternative, if this case is not immediately dismissed, Wai Lana respectfully requests that the Court stay the proceedings here, until the ownership question in the *Bibiji* case in the Central District of California is resolved in order to promote the wise administration of justice.

DATED this 2nd day of April, 2010.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By:    /s/ Keil M. Mueller
**Robert A. Shlachter**, OSB No. 911718
Email: rshlachter@stollberne.com
**Keil M. Mueller**, OSB No. 085535
Email: kmueller@stollberne.com
209 SW Oak Street, 5th Floor
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

-And-

**James Juo**, Admitted *pro hac vice*
Email: jjuo@fulpat.com
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, CA 90045
Telephone:    (310) 824-5555
Facsimile:    (310) 824-9696

**Attorneys for Defendant Wai Lana Productions, LLC**

**Page 16 - DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(B)(7), OR, IN
THE ALTERNATIVE, TO STAY**