IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**GOLDEN TEMPLE OF OREGON, LLC**,　　　Civil Case No. 09-902-KI
an Oregon limited liability company,

　　　　　　　　Plaintiff,　　　　　　OPINION AND ORDER

vs.

**WAI LANA PRODUCTIONS, LLC**,
a California limited liability company,

　　　　　　　　Defendant.

　　　Kenneth R. Davis, II
　　　Parna A. Mehrbani
　　　Lane Powell PC
　　　601 SW Second Avenue, Suite 2100
　　　Portland, Oregon  97204-3158

　　　　　Attorney for Plaintiff

Page 1 - OPINION AND ORDER

Robert A. Shlachter
Keil M. Mueller
Stoll Stoll Berne Lokting & Shlachter, P.C.
209 SW Oak Street, Fifth Floor
Portland, Oregon  97204

    Attorneys for Defendant

KING, Judge:

Plaintiff Golden Temple of Oregon, LLC ("GTO") alleges that defendant Wai Lana Productions, LLC ("Wai Lana") infringed GTO's registered trademarks YOGI TEA and YOGI. Before the court is Defendant Wai Lana's Motion to Dismiss under Rule 12(b)(7), or in the alternative, to Stay (#18).  I deny Wai Lana's motion for the reasons below.

## BACKGROUND

On August 6, 2009, GTO filed this case alleging that it owns trademarks for YOGI TEA and YOGI, which GTO or its predecessor registered in 1996 and 2009, respectively.  GTO uses the marks to promote its natural food and beverage products.  GTO alleges that Wai Lana is infringing GTO's marks by selling food products, including chips and snack bars, which bear marks that are confusingly similar to GTO's marks.

On February 5, 2010, Bibiji Inderjit Kaur Puri sued GTO in the United States District Court for the Central District of California, CV10-882-JFW, alleging that GTO is infringing Bibiji's marks by using YOGI TEA and YOGI.  Among other forms of relief, Bibiji seeks an injunction requiring GTO to assign the registrations for the marks to her.

In her Complaint, Bibiji alleges the following:  Bibiji is the widow of Yogi Bhajan, who allegedly grew to be internationally known as a religious, community and business leader with a

distinguished reputation as a man of peace, world-vision, wisdom, and compassion.  In 1969, Yogi Bhajan began serving his students a spiced tea he developed which his students named "Yogi Tea."  In the mid 1980s, the students formed a company, the predecessor to GTO, to sell Yogi Tea.  Yogi Bhajan granted the company a license to use his name, his likeness, and the trademark "Yogi Tea" to market teas using his formulations.

After GTO was formed as the successor company, it continued to use Yogi Bhajan's name and trademarks.  GTO and the Living Trust for Yogi Bhajan and his wife Bibiji executed a new license on October 1, 2004 for a term of 75 years.  The license states, in part:

> 1.2  The term "**HSKY Marks**" and "**Marks**" shall mean any trademark, servicemark, logo, insignia, seal, design, or other symbol or device used by or identifying Harbhajan Singh Khalsa Yogiji (also known as Yogi Bhajan), specifically including the name of Harbhajan Singh Khalsa Yogiji, or Yogi Bhajan, any likeness of him approved in accordance with this Agreement, and a facsimile of his signature confirming any statement of 150 words or less (approved in accordance with this Agreement) as his statement.
>
> . . . .
>
> 1.4  The term "**Licensed Trademarks**" shall mean the Marks as defined in Section 1.2 and listed on the attached Exhibit 1.4, which Exhibit may be amended from time to time by mutual agreement of the parties.

Juo Decl. Ex. E at 5.

Exhibit 1.4 contains two likenesses of Yogi Bhajan and his signature.

Yogi Bhajan died on October 6, 2004.  After his death, the Living Trust was terminated and Bibiji received a 50 percent interest in trust assets, including intellectual property rights related to Yogi Bhajan.

In late 2008, GTO terminated the license and stopped paying royalties.  Bibiji alleges that GTO continues to use the marks even though it has no right to do so.

**DISCUSSION**

Wai Lana argues that Bibiji is a necessary party under Federal Rule of Civil Procedure 19(a) because she asserts an ownership interest in the marks. Thus, Wai Lana argues that Bibiji must be joined here.

GTO contends that this court need not reach the merits of ownership of the marks because Wai Lana is asserting the universally disfavored defense of jus tertii, namely, when a defendant raises the rights of a third party. GTO claims that the jus tertii defense is of no avail in a trademark infringement action because plaintiff's rights in the mark are superior to defendants', even if plaintiff does not own the mark.

Wai Lana argues that it is not raising a defense of jus tertii. Wai Lana notes that it has not yet filed an Answer and thus has not asserted any affirmative defenses. I am not concerned whether Wai Lana has formally alleged the defense if its motion to dismiss essentially raises the defense by description rather than name. Wai Lana's argument that Bibiji is an indispensable party is undercut if the defense will be of no avail later in this action.

The jus tertii defense is described as follows:

> [A] third party's prior use of a trademark is not a defense in an infringement action. A number of cases from the 1920s so hold, including <u>Ward Baking Co. v. Potter-Wrightington, Inc.</u>, in which the court wrote that "even if, for some purposes and in some territory, [a third party] may have a right in the trade-mark superior to that of the plaintiff, the defendant is not thereby exonerated from responsibility for an attempt to appropriate to itself a good will created by the plaintiff during a long course of business." 298 F. 398, 402 (1st Cir. 1924). See also <u>Del Monte Special Food Co. v. California Packing Corp.</u>, 34 F.2d 774, 777 (9th Cir. 1929) (holding in unfair competition case that "whatever may be the respective rights of the appellee and . . . other users of the name 'Del Monte,' such use does not justify the appellant in its more recent use of appellee's well-known mark upon a new and different product recently produced by it"). This rule is nothing more than the application to the field of trademarks of the familiar

>real-property doctrine that "[p]ossession is title against all the world but the true owner[.]"  McCarthy [on Trademarks and Unfair Competition], § 31.39[2]. Modern trial courts have adhered to this rule–see Specialty Measurements, Inc. v. Measurement Systems, Inc., 763 F. Supp. 91, 95 (D.N.J. 1991); Bambu Sales, Inc. v. Sultana Crackers, Inc., 683 F. Supp. 899, 909-10 (E.D.N.Y. 1988); Marshak v. Sheppard, 666 F. Supp. 590, 599 (S.D.N.Y. 1987); Eagle Snacks, Inc. v. Nabisco Brands, Inc., 625 F. Supp. 571, 578-79 (D.N.J. 1985)–and a prominent commentator in the field supports it. McCarthy, § 31.39[4] ("[A third-party's rights] should not be allowed as a defense in any trademark case.  So long as plaintiff proves rights superior to defendant, that is enough.  Defendant is no less an infringer because it is brought to account by a plaintiff whose rights may or may not be superior to the whole world.  The plaintiff's speculative dispute with a third party does not concern the defendant.").

Committee v. Yost, 92 F.3d 814, 820-21 (9th Cir. 1996) (in concluding that determination of first use and ownership of the mark was not relevant to infringement action because of evidence of plaintiff's exclusive use for years).

Wai Lana contends that the challenge to the mark's ownership does not raise jus tertii because GTO is a licensee rather than an owner of the marks.  See McCarthy on Trademarks and Unfair Competition § 31.157 (4th ed. database updated Mar. 2010) (distinguishing a defense where plaintiff, as a mere licensee, acquired no rights in the mark; in contrast, jus tertii arises when defendant alleges that plaintiff has no title because plaintiff is an infringer of a third party with rights superior to plaintiff's).

I do not know precisely what defenses Wai Lana will raise in this action because it has not answered the Amended Complaint.  In oral argument, Wai Lana stated it intended to raise a defense that GTO improperly registered the marks in violation of the license agreement.  GTO, however, claims that it will not rely on the license for its authority to use the marks.  It interprets the license to only cover Yogi Bhajan's likeness and signature included in Exhibit 1.4 to the

Page 5 - OPINION AND ORDER

license.  GTO argues that it has sufficient rights in the marks, based on its years of use and the federal registration, to prove infringement.

I agree with GTO that Wai Lana's arguments fall within the jus tertii defense, particularly because GTO claims that it owns the marks under two different theories.  Bibiji's interest in the marks is not a defense to GTO's infringement action against Wai Lana.  Consequently, I deny Wai Lana's motion and decline to address its arguments that Bibiji is an indispensable party under Rule 19.

## CONCLUSION

Defendant Wai Lana's Motion to Dismiss under Rule 12(b)(7), or in the alternative, to Stay (#18) is denied.

IT IS SO ORDERED.

Dated this      12th       day of May, 2010.

                                     /s/ Garr M. King
                                    Garr M. King
                                    United States District Judge