**Robert A. Shlachter,** OSB No. 911718
Email: rshlachter@stollberne.com
**Keil M. Mueller**, OSB No. 085535
Email: kmueller@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

-and-

**Craig B. Bailey**(*pro hac vice*)
Email: cbailey@fulpat.com
**James Juo** (*pro hac vice*)
Email: jjuo@fulpat.com
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, CA  90045
Telephone:    (310) 824-5555
Facsimile:    (310) 824-9696

**Attorneys for Defendant Wai Lana Productions, LLC**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GOLDEN TEMPLE OF OREGON, LLC, an Oregon limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>WAI LANA PRODUCTIONS, LLC, a California limited liability company,<br><br>    Defendant. | Case No. 3:09-CV-902-HZ<br><br>DEFENDANT WAI LANA PRODUCTIONS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 19 |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 19

WAI LANA PRODUCTIONS, LLC,
a California limited liability company,

    Cross-claim/Interpleader-Plaintiff,

    v.

BIBIJI INDERJIT KAUR PURI,
an individual,

    Cross-claim/Interpleader-Defendant.

BIBIJI INDERJIT KAUR PURI, an individual,

    Counterclaim Plaintiff

    v.

WAI LANA PRODUCTIONS, LLC,
a California limited liability company,

    Counterclaim Defendant.

BIBIJI INDERJIT KAUR PURI, an individual,

    Cross-claim Plaintiff

    v.

GOLDEN TEMPLE OF OREGON, LLC,
an Oregon limited liability company,

    Cross-claim Defendant

WAI LANA PRODUCTIONS, LLC,
a California limited liability company,

    Counterclaim/Interpleader-Plaintiff,

    v.

GOLDEN TEMPLE OF OREGON, LLC,
an Oregon limited liability company,

    Counterclaim/Interpleader-Defendant,

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 19

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. BACKGROUND: THE NEW MEXICO CASES ......................................................1

III. BIBIJI'S COUNTERCLAIMS MUST BE DISMISSED UNDER RULE 19............3

    A.    Bibiji Has Presented No Legal Authority That Co-Owners Of A Trademark Are Not Necessary Parties..................................................................3

    B.    Bibiji's Copyright Cases Are Inapposite To Joinder Of Co-Owners Of A Trademark ...............................................................................................................4

        1.    Joinder Where The Validity Of The Copyright Is Challenged ..................4

        2.    Copyright Statute, 17 U.S.C. § 501(b), Addressing Joinder........................4

        3.    Bibiji's Reliance On The Doctrine Of Equitable Accounting Is Misplaced........................................................................................................5

        4.    Bibiji Misstates The Law Under Rule 19(a) ................................................6

    C.    Bibiji Admits To Being Adverse To The Other Co-Owners ..................................7

    D.    No Personal Jurisdiction Over The Other Co-Owners In Oregon ..........................8

    E.    Joinder Of The Other Co-Owners Is Not Feasible Under Rule 19(b) .....................9

IV. CONCLUSION............................................................................................................10

## TABLE OF AUTHORITIES

**Federal Cases**

*Brown v. Mojo Records*,
   No. 00-286, 2000 WL 33244473 (D. Or. June 6, 2000) ............................................................6

*Cash Money Records, Inc. v. Dorsey*,
   No. 04-876, 2004 WL 1810696 (E.D. La. Aug. 12, 2004) .......................................................6

*Copyright.net Music Pub. LLC v. MP3.com*,
   256 F. Supp. 2d 214 (S.D.N.Y. 2003) ......................................................................................7

*Davis v. Blige*,
   505 F.3d 90, 99 (2d Cir. 2007) .................................................................................................4

*Durango Herald, Inc. v. Riddle*,
   719 F. Supp. 941 (D. Colo. 1988) ............................................................................................6

*Gibbs v. Emerson Electric Mfg. Co.*,
   29 F. Supp. 810 (W.D. Mo. 1939) ...........................................................................................3

*Harrington v. Mure*,
   186 F. Supp. 655 (S.D.N.Y. 1960) ...........................................................................................5

*Iskenderian v. Iskenderian*,
   144 Cal. App. 4th 1162, 51 Cal. Rptr. 3d 163 (2006) ..............................................................6

*Israel Bio-Engineering Project v. Amgen, Inc.*,
   475 F.3d 1256 (Fed. Cir. 2007) ................................................................................................3

*JTG of Nashville, Inc. v. Rhythm Band, Inc.*,
   693 F. Supp. 623 (M.D. Tenn. 1988) .......................................................................................3

*Lisseveld v. Marcus*,
   173 F.R.D. 689 (M.D. Fla. 1997) .............................................................................................3

*Makah Indian Tribe v. Verity*,
   910 F.2d 555 (9th Cir. 1990) ....................................................................................................9

*New York & R Cement Co. v. Coplay Cement Co.*,
   45 F. 212 (E.D. Pa. 1891) .........................................................................................................7

*Oddo v. Ries,*
   743 F.2d 630 (9th Cir 1984) .....................................................................................................5

*Pliant Corp. v. MSC Marketing & Tech., Inc.*,
   355 F. Supp. 2d 926 (N.D. Ill. 2005) ........................................................................................9

*Shapiro, Bernstein & Co. v. Jerry Vogel Music Co.*,
   221 F.2d 569 (2d Cir. 1955) .....................................................................................................5

*St. James v. New Prague Area Community Center*,
  No. 06-1472, 2006 WL 2069197 (D. Minn. Jul. 26, 2006) ..................................................3, 6

*Turchan v. Bailey Meter Co.*,
  19 F.R.D. 201, 204 (D. Del. 1956) ........................................................................................3

*Wales Indus. Inc. v. Hasbro Bradley, Inc.*,
  612 F. Supp. 510 (S.D.N.Y. 1985) ........................................................................................4

**Federal Statutes**

Fed. R. Civ. P. 19................................................................................................................ passim

Fed. R. Civ. P. 19 advisory committee note ................................................................................9

15 U.S.C. § 1114...........................................................................................................................5

15 U.S.C. § 1125...........................................................................................................................5

17 U.S.C. § 411.............................................................................................................................5

17 U.S.C. § 501(b) ........................................................................................................................4

**Treatises**

*Nimmer on Copyright* ..................................................................................................................4

*Patry on Copyright* ......................................................................................................................5

## I. INTRODUCTION

Counterclaim-Plaintiff Bibiji Inderjit Kaur Puri ("Bibiji") has raised a number of ancillary and inapposite arguments in opposition to the Motion to Dismiss by Defendant Wai Lana Productions, LLC ("Wai Lana"). However, the following facts are undisputed:

- Bibiji currently has at most a fifty percent (50%) interest in the "Yogi Tea" trademark that she is asserting against Wai Lana;
- Bibiji currently is embroiled in litigation in New Mexico state court with the other co-owners of the mark;
- there is no evidence of personal jurisdiction in Oregon over the other co-owners in New Mexico.

Because there is no evidence of personal jurisdiction in Oregon over the other co-owners in New Mexico, this action must be dismissed for failure to join necessary and indispensable parties.

## II. BACKGROUND: THE NEW MEXICO CASES

Bibiji has admitted that "[t]he ownership of the remaining 50% [of the YOGI TEA mark] is disputed and is before the District Court in New Mexico for decision." Exh. A (Admission Nos. 8 and 9). Bibiji also identified Case No. D-101-CV-200702431 pending before the New Mexico District Court, 1st Judicial District, as a case involving the YOGI TEA mark. Exh. B (Response to Interrogatory No. 11). The action to which she refers appears to be a case involving a dispute over the assets of a joint living trust in which Bibiji is seeking a greater ownership share of the YOGI TEA mark at the expense of the other trust beneficiaries in New Mexico. *Id*.

Page 1 -  DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 19

However, Wai Lana has recently discovered another action in probate, Case No. D-101-PB-200900028 ("the Probate Action"), pending before a different judge in New Mexico concerning ownership of the same YOGI TEA mark. In that action, the Trustees of the Harbhajan Singh Yogiji Administrative Trust ("Yogi Bhajan's Administrative Trustees") have filed a petition to re-open Yogi Bhajan's probate estate and appoint a special administrator to take possession of, confirm title to, and manage the YOGI TEA mark as an asset of Yogi Bhajan's estate. Exh. C. The Administrative Trustees appear to be another New Mexico entity.

In opposition to the petition, Bibiji is challenging the Administrative Trustees' claim concerning ownership of the YOGI TEA mark.[1] Exh. D. Bibiji has also accused a Trustee, Sopurkh Kaur Khalsa, of having "conflicts of interest [with Plaintiff Golden Temple of Oregon LLC ("GTO") that] are so real as to disqualify her from any involvement in the licensing of the trademarks." *Id.*, at 7, n.9.

Bibiji failed to mention the Probate Action in her Opposition [Dkt. 116], or in her response to Wai Lana's Interrogatory No. 11 [Exh. B], even though Bibiji is represented by the same counsel in both actions.

There appear to be two separate cases pending in New Mexico contesting ownership of the YOGI TEA mark, where Yogi Bhajan's Administrative Trustees claim to be co-owner of the YOGI TEA mark, but Bibiji claims that an entity called Staff Endowment LLC would be the co-owner. These matters remain in dispute, and the outcome of these actions in New Mexico will determine the identity of the true co-owners of the YOGI TEA mark.

---

[1] During the arbitration between Bibiji and GTO over ownership of the YOGI TEA mark, Bibiji had asserted that the Administrative Trustees owned the remaining 50%. Exh. E at 4-5. After the arbitration decision in Bibiji's favor, she changed her tune, and now asserts that she is entitled to more than 50% ownership, and that Staff Endowment LLC (instead of the Administrative Trustees) will own any rights she does not own. Exh. D.

Page  2  -   DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER
             RULE 19

As stated in Wai Lana's opening brief, no basis for personal jurisdiction in Oregon over these other co-owners in New Mexico is apparent, and none was identified by Bibiji in her opposition to Wai Lana's motion to dismiss.

## III. BIBIJI'S COUNTERCLAIMS MUST BE DISMISSED UNDER RULE 19

### A. Bibiji Has Presented No Legal Authority That Co-Owners Of A Trademark Are Not Necessary Parties

"It is well established, in suits for patent and trademark infringement, that the owner of the patent or trademark is subject to compulsory joinder." *St. James v. New Prague Area Community Ctr.*, No. 06-1472, 2006 WL 2069197, at *2 (D. Minn. Jul. 26, 2006); *Lisseveld v. Marcus*, 173 F.R.D. 689, 694 (M.D. Fla. 1997) (A trademark owner "presents a prime example of a party to be joined, if feasible, under Rule 19."). See also *Israel Bio-Engineering Project v. Amgen, Inc.*, 475 F.3d 1256, 1268 (Fed. Cir. 2007) (joinder of a co-owner is necessary in a patent infringement suit); *Gibbs v. Emerson Electric Mfg. Co.,* 29 F. Supp. 810, 812 (W.D. Mo. 1939); *Turchan v. Bailey Meter Co.*, 19 F.R.D. 201, 204 (D. Del. 1956) ("suit for infringement must be brought by all co-owners").

Bibiji, however, argues that parties other than an owner of a trademark may have "standing" to sue (Dkt. 116 at 6-7), but standing is not at issue in this motion. The issue here is whether a co-owner is a necessary party in a trademark infringement suit. "Courts have held consistently that the owner of allegedly infringed intellectual property rights is a person needed for just adjudication under Rule 19." *JTG of Nashville, Inc. v. Rhythm Band, Inc.*, 693 F. Supp. 623, 626 (M.D. Tenn. 1988).

### B. Bibiji's Copyright Cases Are Inapposite To Joinder Of Co-Owners Of A Trademark

Instead of citing case law authority involving co-owners of a trademark, Bibiji cites several copyright cases for the proposition that co-owners are not necessary parties because they have to equitably account to one another. But Bibji's reliance on these cases is misplaced.

#### 1. Joinder Where The Validity Of The Copyright Is Challenged

Bibiji fails to cite the cases requiring the joinder of co-owners of a copyright where an issue is raised concerning the validity of the copyright. *Wales Indus. Inc. v. Hasbro Bradley, Inc.*, 612 F. Supp. 510, 517 (S.D.N.Y. 1985) (Rule 19 joinder of co-owners is appropriate "in cases challenging the validity of the copyright upon which rest the rights of the person to be joined."); *see also* Nimmer on Copyright § 12.03.

Here, Wai Lana has asserted a counterclaim to cancel the YOGI TEA trademark registration. Thus, even assuming *arguendo* that copyright law is an appropriate analogy to this trademark case, then joinder would be necessary here because the validity of the trademark is being challenged.

#### 2. Copyright Statute, 17 U.S.C. § 501(b), Addressing Joinder

Bibiji's reliance on copyright law is further misplaced because of the significant differences between the copyright statute and the trademark statute (Lanham Act). Specifically, the Copyright Act expressly states that joinder of the co-owner of a copyright is permissive. 17 U.S.C. § 501(b) (noting that a court "*may* require the joinder . . . of any person having or claiming an interest in the copyright" (emphasis added); *see also Davis v. Blige*, 505 F.3d 90, 99 (2d Cir. 2007) (citing 17 U.S.C. § 501(b) in support of statement that "a joint owner is not required to join his other co-owners in an action for [copyright] infringement"). One

Page 4 - DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 19

commentator noted that Section 501(b) of the Copyright Act was "contrary" to Rule 19's purpose of gathering together all who have an interest in the subject matter of the litigation so that the suit may be fairly and completely resolved for judicial economy. Patry on Copyright § 21:34.

There is no similar permissive "joinder" provision in the trademark statute (*i.e.*, Lanham Act).[2]

### 3. Bibiji's Reliance On The Doctrine Of Equitable Accounting Is Misplaced

Bibiji has not cited a single trademark case that applied the doctrine of equitable accounting from copyright law. Bibiji asserts that obligations to assign and to account are equitable doctrines relating to unjust enrichment and general principles of law governing the rights of co-owners (citing *Harrington v. Mure*, 186 F. Supp. 655 (S.D.N.Y. 1960)), but ignores the fact that *Harrington* and similar cases were suits between co-owners that did not involve infringement. *Oddo v. Ries,* 743 F.2d 630, 633 n.2 (9th Cir. 1984) ("A co-owner of a copyright cannot be liable to another co-owner for infringement of the copyright."); *see also Shapiro, Bernstein & Co. v. Jerry Vogel Music Co.*, 221 F.2d 569, 571 (2d Cir. 1955) (dismissed complaint against co-owner for infringement).

Instead, these cases were concerned over whether such cases should proceed in federal or state court. Indeed, the *Harrington* court held that the case should have been brought in state court. *Id.*, 186 F. Supp. at 657 ("Absent a basis for a claim of infringement, a case presenting a claim of equitable ownership with a prayer for an assignment and an accounting does not arise

---

[2] Another major distinction between trademark law and copyright law is that registration is a prerequisite for filing a copyright infringement lawsuit. 17 U.S.C. § 411. But registration of a trademark with the U.S. Patent and Trademark Office ("USPTO") is not a prerequisite for filing a trademark infringement lawsuit. *Compare* 15 U.S.C. § 1114 *with* 15 U.S.C. § 1125.

Page 5 - DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 19

under the Copyright Law." (quotation marks and citations omitted); *Cash Money Records, Inc. v. Dorsey*, No. 04-876, 2004 WL 1810696, at *5 (E.D. La. Aug. 12, 2004) (*Harrington* "concerned ownership disputes arising from contractual agreements between the parties" (citation omitted)). Thus, "a suit to bring the co-owner of a copyright to account does not fall within the district court's *jurisdiction* over actions arising under the copyright law," *Brown v. Mojo Records*, No. 00-286, 2000 WL 33244473, at *6 (D. Or. Jun. 6, 2000) (citing *Oddo v. Ries,* 743 F.2d 630 (9th Cir. 1984) (emphasis added)), and Bibiji's reliance on these cases is misplaced.

One reason for the lack of an equitable accounting doctrine for trademarks is that if the parties cannot agree on sharing the benefits and burdens of trademark ownership, then selfish and self-serving use of the mark to the exclusion of the other co-owners could "extinguish" the jointly owned mark and there would be no need for such accounting. *See Durango Herald, Inc. v. Riddle*, 719 F. Supp. 941, 952 (D. Colo. 1988); *cf. Iskenderian v. Iskenderian*, 144 Cal. App. 4th 1162, 1171, 51 Cal. Rptr. 3d 163, 169 (2006) (noting that fragmented, multiple ownership of marks should be balanced against the risk of customer confusion).

Moreover, patent law (which holds that joinder of the co-owner is necessary in an infringement suit) provides more appropriate guidance on the question of joinder for co-owners of a trademark. The District of Minnesota noted that patents and trademarks were sufficiently similar forms of intellectual property such that "the owner of the patent or trademark is subject to compulsory joinder." *St. James*, 2006 WL 2069197, at *2.

### 4. Bibiji Misstates The Law Under Rule 19(a)

Bibiji also argues that "all that is required" is that complete relief may be granted among the existing parties under Rule 19(a). Dkt. 116 at 9. Bibiji's argument is misleading because Rule 19(a) further states that joinder *also* is required when an omitted "person claims an interest

relating to the subject of the action and is so situated that the disposition in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or *otherwise inconsistent obligations* by reasons of the interest." Fed. R. Civ. P. 19(a) (emphasis added); *see also Copyright.net Music Pub. LLC v. MP3.com*, 256 F. Supp. 2d 214, 218 (S.D.N.Y. 2003).

Here, Wai Lana could obtain a favorable judgment against Bibiji of no infringement regarding the YOGI TEA mark, but if the absent co-owner is not be bound by that judgment, then Wai Lana may still be at risk of a subsequent trademark infringement suit by the absent co-owner. Thus, joinder is required to avoid the risk of inconsistent obligations.

Indeed, *New York & R Cement Co. v. Coplay Cement Co.*, 45 F. 212, 213 (E.D. Pa. 1891), that was cited by Bibiji, states that each of the co-owners of the mark "will be entitled to such exclusive use as to all other persons." Wai Lana expects to prevail over Bibiji, but Wai Lana may still be at risk of a subsequent trademark infringement suit by the absent co-owners unless they are joined in this action.[3] Wai Lana is entitled to resolve this alleged infringement in a single proceeding.

### C.   Bibiji Admits To Being Adverse To The Other Co-Owners

Bibiji has admitted that "[t]he ownership of the remaining 50% [of the YOGI TEA mark] is disputed and is before the state District Court in New Mexico for decision," which Bibiji identified in response to an interrogatory as Case No. D-101-CV-200702131. Exhs. A (Admission Nos. 8 and 9) and B (Response to Interrogatory No. 11).

---

[3] This risk of "inconsistent obligations" was not addressed in *Copyright.net Music Pub. LLC v. MP3.com*, 256 F. Supp. 2d 214, 218 (S.D.N.Y. 2003)

Page  7 -   DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER
           RULE 19

But Bibiji failed to disclose that there also is another litigation pending in probate, Case No. D-101-PB-200900028, in New Mexico where Yogi Bhajan's Administrative Trustees have filed a petition to appoint a special administrator to take possession of, confirm title to and manage the YOGI TEA mark. Exh. C.

Despite being embroiled in two separate litigations regarding the ownership of the YOGI TEA mark, Bibiji nonetheless argues that it is not necessary to join the other co-owners because Bibiji will adequately safeguard their interests. But Bibiji is seeking a greater ownership share of the YOGI TEA mark at the expense of the other co-owners, and, as such, she has no motivation to safeguard the interests of those whose ownership she now actively contests in New Mexico. Moreover, Bibiji has accused a Trustee, Sopurkh Kaur Khalsa, of having "conflicts of interest" (Exh. D at 7, n.9). It is unlikely that Bibiji will safeguard the Trustee's interests. With at least two different parties (between Yogi Bhajan's Administrative Trustees and Bibiji's Staff Endowment LLC) claiming to own the remaining 50% of the YOGI TEA mark, Bibiji is likely to take positions in this litigation to favor one entity's ownership claim over the other.

### D. No Personal Jurisdiction Over The Other Co-Owners In Oregon

Here, Bibiji has admitted that she currently has at most only a fifty percent (50%) interest in the YOGI TEA mark, and that there is a dispute between Bibiji and the Administrative Trustees, the other co-owner(s), over the ownership of the YOGI TEA mark. The co-owners from New Mexico appear to have no contacts with Oregon, let alone any sufficient to confer personal jurisdiction in Oregon. And Bibiji has identified none in her opposition. Because there is no personal jurisdiction over any of the other co-owners in Oregon, the analysis turns to whether those other owners are "indispensable" under Rule 19(b).

### E. Joinder Of The Other Co-Owners Is Not Feasible Under Rule 19(b)

Bibiji argued that none of the indispensability factors favors dismissal, but has not addressed the four factors of Rule 19(b) discussed in Wai Lana's opening brief. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) (holding that the Court should consider: (1) the extent to which a judgment may prejudice the absent party or the parties already before the court; (2) the extent to which such prejudice may be avoided by shaping the relief, or other measures; (3) whether judgment rendered in the person's absence would be adequate; and (4) whether plaintiff will have an adequate remedy elsewhere, if the action is dismissed for nonjoinder).

Again, the <u>first</u> factor ("prejudice") favors dismissal because the absent co-owner could be prejudiced by a judgment here regarding the validity of the YOGI TEA mark or registration.

The <u>second</u> factor ("shaping the relief") also favors dismissal because a judgment cannot be fashioned to avoid the aforementioned prejudice.

The <u>third</u> factor ("adequacy of the judgment") also favors dismissal because Wai Lana could prevail in this action, yet potentially be subject to a subsequent trademark infringement suit by the absent co-owners over the same mark.

Finally, the <u>fourth</u> factor ("adequate remedy") also favors dismissal because of the alternate forum in New Mexico where Bibiji is already in litigation with the co-owner. *See* Fed. R. Civ. P. 19 advisory committee's note (the dismissed plaintiff could sue in another forum "where better joinder would be possible.").

This action cannot proceed without joinder of the other co-owner(s)—if they cannot be joined because of a lack of personal jurisdiction in Oregon, then Wai Lana's motion to dismiss must be granted. *Pliant Corp. v. MSC Mktg. & Tech., Inc.*, 355 F. Supp. 2d 926, 928 (N.D. Ill. 2005) ("If an indispensable party cannot be joined, then the whole case must be dismissed.").

Page 9 -   DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 19

## IV.  CONCLUSION

Bibiji previously admitted that she has at most a fifty percent (50%) interest in the "Yogi Tea" marks at issue in this action.  The co-owner(s) of the remaining interest are necessary and indispensable parties, and that interest is already the subject of litigation in New Mexico between Bibiji and Yogi Bhajan's Administrative Trustees.  Without personal jurisdiction over the other co-owner(s) in Oregon, the Court should dismiss this action under Rule 19.

DATED this 31st day of October, 2011.

        STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

        By:  /s/James Juo
            **Robert A. Shlachter**, OSB No. 911718
            Email:  rshlachter@stollberne.com
            **Keil M. Mueller**, OSB No. 085535
            Email:  kmueller@stollberne.com

209 SW Oak Street, 5th Floor
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

-and-

**Craig B. Bailey** (*pro hac vice*)
Email: cbailey@fulpat.com
**James Juo** (*pro hac vice*)
Email: jjuo@fulpat.com
FULWIDER PATTON LLP
6060 Center Drive, Tenth Floor
Los Angeles, CA 90045
Telephone:    (310) 824-5555
Facsimile:    (310) 824-9696

**Attorneys for Defendant Wai Lana Productions, LLC**

Page 10 - DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER
       RULE 19