**Robert A. Shlachter,** OSB No. 911718
Email: rshlachter@stollberne.com
**Keil M. Mueller**, OSB No. 085535
Email: kmueller@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

-and-

**Craig B. Bailey**(*pro hac vice*)
Email: cbailey@fulpat.com
**James Juo** (*pro hac vice*)
Email: jjuo@fulpat.com
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, CA  90045
Telephone:    (310) 824-5555
Facsimile:    (310) 824-9696

**Attorneys for Defendant Wai Lana Productions, LLC**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GOLDEN TEMPLE OF OREGON, LLC, an Oregon limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>WAI LANA PRODUCTIONS, LLC, a California limited liability company,<br><br>    Defendant. | Case No. 3:09-CV-902-HZ<br><br>DEFENDANT WAI LANA PRODUCTIONS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT TO CANCEL TRADEMARK REGISTRATION NOS. 1980514, 3435101, AND 3607292 |

WAI LANA PRODUCTIONS, LLC,
a California limited liability company,

    Cross-claim/Interpleader-Plaintiff,

    v.

BIBIJI INDERJIT KAUR PURI,
an individual,

    Cross-claim/Interpleader-Defendant.

BIBIJI INDERJIT KAUR PURI, an individual,

    Counterclaim Plaintiff

    v.

WAI LANA PRODUCTIONS, LLC,
a California limited liability company,

    Counterclaim Defendant.

BIBIJI INDERJIT KAUR PURI, an individual,

    Cross-claim Plaintiff

    v.

GOLDEN TEMPLE OF OREGON, LLC,
an Oregon limited liability company,

    Cross-claim Defendant

WAI LANA PRODUCTIONS, LLC,
a California limited liability company,

    Counterclaim/Interpleader-Plaintiff,

    v.

GOLDEN TEMPLE OF OREGON, LLC,
an Oregon limited liability company,

    Counterclaim/Interpleader-Defendant,

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ..................................................................................................................1

    A.    Yogi Bhajan and "Yogi Tea" .................................................................................1

    B.    GTO and the "Yogi Tea" Registrations .................................................................2

    C.    Bibiji Initiates Arbitration Against GTO ...............................................................2

    D.    Arbitration Finding That GTO Had No Right To Register ....................................3

III. THE YOGI TEA REGISTRATIONS MUST BE CANCELLED AS A MATTER OF LAW ..................................................................................................................................5

    A.    Legal Standards ......................................................................................................5

        1.    Summary Judgment ...................................................................................5

        2.    Cancellation Of A Trademark Registration ..............................................5

        3.    Standing To Cancel A Trademark Registration ........................................6

    B.    Bibiji Allegation Of Trademark Infringement Against Wai Lana ..........................7

    C.    Registrations That Were Applied For By Someone Other Than The Owner Of The Marks Must Be Cancelled As A Matter Of Law .........................................7

IV. CONCLUSION ....................................................................................................................9

I.     INTRODUCTION

Counterclaim-Defendant Wai Lana Productions, LLC ("Wai Lana") respectfully submits that there is no genuine issue of material fact with respect to Wai Lana's Second Counterclaim against Counterclaim-Plaintiff Bibiji Inderjit Kaur Puri ("Bibiji") for Cancellation of U.S. Trademark Registration Nos. 1,980,514, 3,435,101, and 3,607,292 (referred to herein collectively as "the YOGI TEA Registrations").  Wai Lana therefore is entitled to summary judgment on this claim.

Bibiji has accused Wai Lana of infringing the "YOGI TEA" trademark. *See* Dkt. No. 67. In binding arbitration between Bibiji and Plaintiff Golden Temple of Oregon LLC ("GTO"), an Arbitration Panel found that Bibiji owned at least a 50% interest in the "YOGI TEA" trademark, and ordered GTO to assign the corresponding trademark registrations to Bibiji (*i.e.*, the YOGI TEA Registrations).

However, the YOGI TEA Registrations are void ab initio because GTO did not own the marks and had no right to register the marks in its own name as required by the Lanham Act. The subsequent constructive trust and order to assign the YOGI TEA Registrations to Bibiji imposed by the Arbitration Panel does not cure this statutory defect.

There is no dispute that the YOGI TEA Registrations were not filed or prosecuted by the true owner of the registered mark, and those registrations must be cancelled as a matter of law.

II.    BACKGROUND

   A.     Yogi Bhajan and "Yogi Tea"

Bibiji is the widow of Yogi Bhajan, a well-known spiritual leader of Kundalini Yoga and Sikhism in the United States.  (Dkt. No. 67 at ¶ 9).  Beginning around 1969, Yogi Bhajan began serving his students a tea that they named "Yogi Tea." (*Id*. at ¶ 14).  Years later, Yogi Bhajan

Page 1 -   DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT TO CANCEL TRADEMARK REGISTRATION NOS. 1980514, 3435101, AND 3607292

entered into license agreements with GTO and its predecessors in interest concerning "Yogi Tea." (*Id*. at ¶ 16). Yogi Bhajan later transferred the "Yogi Tea" trademark and other intellectual property of Yogi Bhajan to a Living Trust administered by Yogi Bhajan and his wife Bibiji. (*Id*. at ¶ 21). Upon Yogi Bhajan's death, the Living Trust was terminated, and, under its terms, Bibiji received a fifty percent (50%) interest in and to the trust assets, including the "Yogi Tea" trademarks. (*Id*.)

### B. GTO and the "Yogi Tea" Registrations

Plaintiff GTO or its predecessor, Golden Temple Tea Company dba The Yogi Tea Company, filed several trademark applications to register the YOGI TEA marks. For each application, GTO or its predecessor declared to U.S. Patent and Trademark Office ("USPTO") that no other person has the right to use the associated YOGI TEA mark. *See, e.g.*, Exh. D. A trademark registration would not have issued but for this declaration filed with the application. Those applications were later issued by the USPTO as U.S. Registration Nos. 1980514, 3435101, and 3607292 (*i.e.*, the YOGI TEA Registrations).[1]  Exhs. A–C.

### C. Bibiji Initiates Arbitration Against GTO

GTO licensed the use of Yogi Bhajan's name and likeness (collectively referred to as the "Licensed Marks") from Yogi Bhajan, but terminated its license in 2008. (Dkt. 67 at ¶ 19). As Yogi Bhajan's heir, Bibiji initiated an arbitration against GTO in 2010, alleging that she was the true owner of the YOGI TEA marks, and that the YOGI TEA marks were among the Licensed Marks to which GTO had no ownership rights. Exh. E (Bibiji's Statement of Claim for Arbitration). Cancellation of the YOGI TEA Registrations was among the various remedies she

---

[1] GTO filed the applications for Registration Nos. 3435101, and 3607292; and GTO's predecessor, Golden Temple Tea Company dba The Yogi Tea Company, filed the application for Registration No. 1980514.

Page 2 -  DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT TO CANCEL TRADEMARK REGISTRATION NOS. 1980514, 3435101, AND 3607292

sought. *Id*. at ¶¶ 73–78. Bibiji sought to cancel the YOGI TEA Registrations because GTO or its predecessor had falsely claimed under oath that no other person has a senior right to the YOGI TEA marks "in connection with those trademark applications." *Id*. at ¶ 76.

GTO argued that the YOGI TEA marks were not part of the Licensed Marks. The Arbitration Panel, however, determined that the YOGI TEA marks were part of the Licensed Marks and were owned at least in part by Bibiji.

### D. Arbitration Finding That GTO Had No Right To Register

On July 29, 2011, the Arbitration Panel found in favor of Bibiji, and held that GTO was not the owner of the "YOGI TEA" marks. Exh. F at 12 (Findings of Fact and Notice of Award). In particular,

> The Panel also received evidence that use of YOGI TEA . . . GTO and its predecessors, . . . was with the permission of Yogi Bhajan. Sada Sat Singh testified that a Golden Temple restaurant in Massachusetts began selling YOGI TEA commercially with the permissions of Yogi Bhajan and later sold the tea business to a tea shop in Maryland. Only after the tea shop ceased commercial sales of YOGI TEA was the way clear for [GTO's predecessor] Golden Temple Tea Company to sell YOGI TEA commercially. This testimony suggests that one of the founders of Golden Temple Tea Company recognized that Yogi Bhajan had the right to control use of YOGI TEA. The two other founders of Golden Temple Tea Company testified for Claimant [Bibiji] that the company's use of YOGI TEA was with Yogi Bhajan's permission.
>
> * * * *
>
> On the basis of the information above, the Panel concludes that substantially all of the use of YOGI TEA by the Golden Temple restaurants, and by GTO and its predecessors, was with the express or implied permission of Yogi Bhajan, and that Yogi Bhajan's heirs own the trademark YOGI TEA.

*Id*. at 9-10.

Page 3 -   DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT TO CANCEL TRADEMARK REGISTRATION NOS. 1980514, 3435101, AND 3607292

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

On November 10, 2011, the Arbitration Panel issued an Arbitration Award that held as follows:

> G.  DETERMINATION THAT RESPONDENT HAS NO RIGHT TO REGISTER
>
> We find in favor of Claimant and against Respondent. Respondent GTO and/or its predecessors applied for and/or obtained federal registrations for the following YOGI and YOGI TEA marks:
>
> U.S. Trademark Registrations:
> - No. 1980514 for YOGI TEA;
> - No. 3435101 for YOGI TEA and Design;
> - No. 3607292 for YOGI
>
> U.S. Trademark Applications:
> - Serial No. 77636305 for YOGI
> - Serial No. 7788990 for YOGI
>
> in their capacity as licensees of Yogi Bhajan or the Harbhajan Singh Khalsa Yogiji and Inderjit Kaur Puri Living Trust, even though **GTO and/or its predecessors had no right to register such marks in their names**, GTO has no rights in the marks in dispute, namely, YOGI TEA, YOGI, or any other "Yogi" marks referred to in the Findings. GTO therefore has no right to register any of these marks or any marks confusingly similar to them.

Exh. G at 4-5 (Arbitration Award) (emphasis added).

The Arbitration Panel made "no findings specific" to Bibiji's request for cancellation of the YOGI TEA Registrations under 15 U.S.C. § 1119.  Exh. G at 5.

The Panel also found that the YOGI TEA Registrations were being held by GTO in a constructive trust for the benefit of Bibiji, and ordered GTO to assign the YOGI TEA Registrations to Bibiji.  Exh. G  at 3.

Page 4 -   DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT TO CANCEL TRADEMARK REGISTRATION NOS. 1980514, 3435101, AND 3607292

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

**III.   THE YOGI TEA REGISTRATIONS MUST BE CANCELLED AS A MATTER OF LAW**

   **A.   Legal Standards**

      **1.   Summary Judgment**

Federal Rule of Civil Procedure 56 provides that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact with respect to a claim or defense, and that the moving party is entitled to judgment as a matter of law.  In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the party opposing summary judgment to establish "specific facts showing there is a genuine issue for trial."  *Id.*  On summary judgment, all reasonable inferences are drawn in favor of the non-moving party.  *Id.*

      **2.   Cancellation Of A Trademark Registration**

By statute, only the owner of a trademark can apply for federal registration of that mark. 15 U.S.C. § 1051(a); *Huang v. Tzu Wei Chen Food Co. Ltd.*, 849 F.2d 1458, 1459 (Fed. Cir. 1988); *see also* T.M.E.P. § 1201 ("An application that is not filed by the owner is void.") (copy attached as Exh. H).  "This statutory ownership requirement cannot be waived."  *Great Seats, Ltd. v. Great Seats, Inc.*, 84 U.S.P.Q.2d (BNA) 1235, 1239, 2007 WL 1740870, at * 5 (T.T.A.B. June 14, 2007).  Thus, a trademark registration is void and must be cancelled if the applicant was not the owner.  *Huang,* 849 F.2d at 1459; *Marshak v. Reed*, No.  96-2292, 2001 WL 799571, at *3 (E.D.N.Y. Jul. 11, 2001).[2]

---

[2] The district court in *Marshak* ordered cancellation of the trademark registration because the registrant did not own the mark, but this decision was later vacated by the Second Circuit so that the district court could consider whether an intervening decision by the Ninth Circuit in a related case, *Five Platters, Inc. v. Monroe Powell*, 7 Fed. Appx. 794 (9th Cir. 2001), affected the ownership issue. *Marshak v. Reed*, 34 Fed. Appx. 8, 10 (2d Cir. 2002).  On remand, the district court considered the intervening decision, found it did not alter the court's prior determination, and reinstated its earlier order to cancel the trademark registration. *Marshak v. Reed*, 229 F. Supp. 2d 179, 185 (E.D.N.Y. 2002) *aff'd,* 87 Fed. Appx. 208 (2d Cir. 2004).

Page 5 -   DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT TO CANCEL TRADEMARK REGISTRATION NOS. 1980514, 3435101, AND 3607292

The facts of *Huang* are instructive. In *Huang*, an individual applied for incorporation in the state of Iowa and subsequently filed an application for registration of a trademark for prepared pork and meat products. *Id.*, 849 F.2d at 1459. Between the time of execution of the trademark application by the individual and the filing date of the application with the USPTO, the application for incorporation was approved, and ownership of the mark was transferred from the individual to the newly-formed corporation in accordance with the terms of incorporation. *Id*. The Trademark Trial and Appeal Board ("TTAB") held that the trademark application was void ab initio because the individual, who was the applicant, was not the owner of the mark on the filing date. *Id*.

On appeal, the corporation argued that it was unreasonable to require that the application be filed in the name of the actual owner when there is no dispute as to ownership. *Huang*, 849 F.2d at 1460. But the Court of Appeals for the Federal Circuit affirmed the Board's holding that the application for registration was void on the basis that "[t]he application had been examined, deemed registrable, and published for opposition, all in the name of an applicant who was not the owner of the trademark at the filing or at any time during pendency of the application." *Id*. (citing *Holiday Inn v. Holiday Inns, Inc*., 534 F.2d 312, 319, n.6 (C.C.P.A. 1976) ("One must be the owner of a mark before it can be registered.")); see also *Younghusband v. Coe*, 32 F. Supp. 869 (D.D.C. 1940) ("To entitle him to the registration he must have been the owner at the time his application was filed.").

### 3. Standing To Cancel A Trademark Registration

One "who believes that he is or will be damaged . . . by the registration of a mark" may seek to cancel the registration under 15 U.S.C. § 1064 or § 1119. To have standing to obtain cancellation of the registration, the petitioning party need only have a "real interest" in cancellation. *Int'l Order of Job's Daughters v. Lindeburg & Co*., 727 F.2d 1087, 1092 (Fed. Cir. 1984); *Lipton Industries, Inc. v. Ralston Purina Co*., 670 F.2d 1024, 1030 (C.C.P.A. 1982) (noting that the public interest is served by "broadly interpreting the class of persons Congress

Page 6 -   DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT TO CANCEL TRADEMARK REGISTRATION NOS. 1980514, 3435101, AND 3607292

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

intended to be allowed to institute cancellation proceedings"). A direct commercial interest satisfies the "real interest" test. *Herbko Int'l Inc. v. Kappa Books Inc.*, 308 F.3d 1156, 1161 (Fed. Cir. 2002) (citing *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 945 (Fed. Cir. 2000)).

### B. Bibiji Allegation Of Trademark Infringement Against Wai Lana

As previously discussed, the Arbitration Panel ordered that the YOGI TEA Registrations be held in a constructive trust by GTO for the benefit of Bibiji, and ordered GTO to assign the YOGI TEA Registrations to Bibiji. See Exh. G at 4.

Bibiji is claiming damages from Wai Lana for its use of the YOGI CHIPS mark because of alleged federal statutory trademark infringement (Dkt. No. 67 at ¶¶ 24–28), which is based on the YOGI TEA Registrations. See 15 U.S.C. § 1114. There is a separate trademark registration (U.S. Registration No. 3600114) for the YOGI CHIPS mark, and Wai Lana has sold and continues to sell goods under that mark. Exh. J.

Wai Lana thus has a direct financial and commercial interest in its past, present, and future use of the YOGI CHIPS mark in view of the YOGI TEA Registrations. Wai Lana has standing to challenge the validity of those trademark registrations. *Herbko*, 308 F.3d at 1161; *Job's Daughters*, 727 F.2d at 1092.

### C. Registrations That Were Applied For By Someone Other Than The Owner Of The Marks Must Be Cancelled As A Matter Of Law

Bibiji herself had sought cancellation of the YOGI TEA registrations in the arbitration against GTO over the ownership of the YOGI TEA marks. Exh. E at ¶¶ 76–78 (Bibiji alleged that GTO "owned no rights" to the YOGI TEA marks, had claimed "under oath that no other person has a senior right to the Licensed Marks in connection with those trademark applications, when it was fully aware that it owned no rights").

The Arbitration Panel agreed with Bibiji that GTO did not own the YOGI TEA marks, finding that the founders of GTO's predecessor had recognized that the company's use of YOGI TEA was with Yogi Bhajan's permission, and that GTO and its predecessor had no right to

Page 7 -   DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT TO CANCEL TRADEMARK REGISTRATION NOS. 1980514, 3435101, AND 3607292

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

register the YOGI TEA Registrations.[3] Exh. F at 9-12, and Exh. G at 4-5. Bibiji would have no cause of action against Wai Lana, if this were not the case.[4] The Arbitration Panel, however, made "no findings specific" to Bibiji's request for cancellation. Exh. G at 5.

Under 15 U.S.C. § 1051(a), only the owner of a trademark can apply for federal registration of that mark. But the YOGI TEA Registrations were not applied for by the owner, and thus fail this statutory requirement.

The only dispute here is whether, as a matter of law, this fundamental statutory defect in the YOGI TEA Registrations can be corrected by a constructive trust or subsequent assignment of the registrations.

The law is clear—an application that is not filed by the owner is void, and the resulting registration must be cancelled. See *Huang*, 849 F.2d at 1460 (holding that a trademark application was "void for failure to comply with Section 1 of the Lanham Act" when filed in the name of an individual affiliated with a corporation and not in the name of the corporation itself, which was the owner of the mark at the time of filing); *Marshak*, 2001 WL 799571, at *3; *Great Seats*, 84 U.S.P.Q.2d at 1239, 2007 WL 1740870, at * 5 ("This statutory ownership requirement cannot be waived."); see also T.M.E.P. § 803.06 ("A void application cannot be cured by amendment or assignment.") (copy attached as Exh. I).

Because there is no dispute that GTO did not own the marks when the applications for the YOGI TEA Registrations were filed with the USPTO, the YOGI TEA Registrations are void and must be cancelled as a matter of law.

---

[3] This also establishes that Registration No. 1980514 was obtained fraudulently by GTO's predecessor, Golden Temple Tea Company dba The Yogi Tea Company.

[4] As a party to the arbitration, Bibiji is bound by the Arbitration Panel's findings as collateral estoppel or issue preclusion, which bars the relitigation of previously adjudicated issues. *C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987) (an arbitration decision can have collateral estoppel effect); see also *Greenblatt v. Drexel Burnham Lambert, Inc.,* 763 F.2d 1352, 1360 (11th Cir. 1985).

Page 8 -   DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT TO CANCEL TRADEMARK REGISTRATION NOS. 1980514, 3435101, AND 3607292

IV.  **CONCLUSION**

Bibiji asserts that Wai Lana has infringed the YOGI TEA marks, but the applications for the YOGI TEA Registrations were filed by GTO who Bibiji has established was not the owner of those marks. Because the applications for the YOGI TEA Registrations were filed by someone other than the owner of the trademarks, those registrations must be cancelled because this statutory defect cannot be cured by a constructive trust or subsequent assignment to Bibiji. For these reasons, and for the reasons stated above, Wai Lana respectfully requests that this Court grant summary judgment in Wai Lana's favor on its Second Counterclaim and order the USPTO to cancel the YOGI TEA Registrations.

DATED this 5th day of December, 2011.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: /s/ Keil M. Mueller
**Robert A. Shlachter**, OSB No. 911718
Email: rshlachter@stollberne.com
**Keil M. Mueller**, OSB No. 085535
Email: kmueller@stollberne.com

209 SW Oak Street, 5th Floor
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

-and-

**Craig B. Bailey** (*pro hac vice*)
Email: cbailey@fulpat.com
**James Juo** (*pro hac vice*)
Email: jjuo@fulpat.com
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, CA 90045
Telephone:    (310) 824-5555
Facsimile:    (310) 824-9696

**Attorneys for Defendant Wai Lana Productions, LLC**