IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GOLDEN TEMPLE OF OREGON, LLC, an
Oregon limited liability company,

        Plaintiff,

   v.

WAI LANA PRODUCTIONS, LLC,
a California limited liability company,

        Defendant.
_____

WAI LANA PRODUCTIONS, LLC,
a California limited liability company,

        Cross-claim/Interpleader-Plaintiff,

v.

BIBIJI INDERJIT KAUR PURI, an
individual,

No. 03:09-CV-902-HZ

OPINION & ORDER

1 - OPINION & ORDER

          Cross-claim/Interpleader-
          Defendant.

_____

BIBIJI INDERJIT KAUR PURI, an individual,

          Counterclaim Plaintiff,

v.

WAI LANA PRODUCTIONS, LLC,
a California limited liability company,

          Counterclaim Defendant.

_____

BIBIJI INDERJIT KAUR PURI, an individual,

          Cross-claim Plaintiff,

v.

GOLDEN TEMPLE OF OREGON, LLC, an Oregon limited liability company,

          Cross-claim Defendant.

_____

WAI LANA PRODUCTIONS, LLC,
a California limited liability company,

          Counterclaim/Interpleader-
          Plaintiff,

v.

GOLDEN TEMPLE OF OREGON, LLC, an Oregon limited liability company,

          Counterclaim/Interpleader-
          Defendant.

2 - OPINION & ORDER

Kenneth R. Davis , II
Julianne Ross Davis
Parna A. Mehrbani
Tiffany Scott
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204-3158

    Attorneys for Plaintiff

Keil M. Mueller
Robert A. Shlachter
Stoll Stoll Berne Lokting & Shlachter PC
209 SW Oak Street
Portland, OR 97214

James Juo
Craig Bailey
Fulwider Patton LLP
6060 Center Drive, Tenth Floor
Los Angeles, CA 90045

    Attorneys for Defendant

Loren S Scott
The Scott Law Group
497 Oakway Road, Suite 245
Eugene, OR 97401

M. Danton Richardson
Surjit P. Soni
The Soni Law Firm
35 N Lake Avenue, Suite 720
Pasadena, CA 91101

    Attorneys for Interpleader

HERNANDEZ, District Judge:

    Defendant Wai Lana moves to dismiss counterclaim-plaintiff Bibiji Inderjit Kaur Puri's claims for failure to join a necessary party. I deny the motion.

BACKGROUND

The claims between plaintiff Golden Temple of Oregon (GTO) and defendant Wai Lana Productions have been dismissed.[1] Defendant Wai Lana's motion to dismiss is directed against the counterclaims brought by counterclaim-plaintiff Bibiji Inderjit Kaur Puri ("Bibiji"). The dispute involves the trademark "Yogi Tea". Bibiji has alleged that Wai Lana infringes on her "Yogi Tea" trademark by using marks similar to it, such as "Yogi Chips". Bibiji Answer (Dkt. #67) ¶72.

After the death of her husband, Yogi Bhajan, Bibiji received a 50% ownership in the Yogi Tea trademark. Bibiji Answer ¶21. The other 50% ownership in the trademark is currently being disputed in New Mexico. There are two actions in New Mexico that will likely determine the owner of the other 50% interest of the trademark: (1) the trustees of the Administrative Trust set up by Yogi Bhajan have petitioned to re-open the probate estate of Yogi Bhajan ("Probate Action") so that a special administrator can be appointed to take control of the trademark and (2) in the District Court of New Mexico, Bibiji seeks to obtain a greater interest in the trademark ("TM Ownership Action"). Def.'s Reply in Supp. of Mot. to Dismiss ("Wai Lana Reply"), 1-2.

In the TM Ownership Action, there are three parties who may end up with the other 50% interest in the trademark: Bibiji, the Administrative Trust, and the Staff Endowment LLC. Id. at 2. At oral argument, Bibiji indicated that the TM Ownership Action will likely begin trial in

---

[1]Bibiji and GTO were involved in a dispute over the Yogi Tea trademark and agreed to arbitrate. Decl. of Surjit Soni in Opp. to Mot. to Dismiss ("Soni Decl.") Ex. A at 1. On July 29, 2011, the arbitration panel found that the trademark belonged to Bibiji and the heirs of Yogi Bhajan. GTO was ordered to pay 50% of the damages to Bibiji. Id. at 12-13. Because GTO has no ownership in the trademark, it dismissed its claims against Wai Lana in September 2011. Dkt. #109.

March 2012.  In summary, it is undisputed that Bibiji owns 50% of the Yogi Tea trademark. However, the owner of the remaining 50% interest has not been determined and is currently being disputed in New Mexico.

## STANDARDS

On a motion to dismiss, the court must review the sufficiency of the complaint.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  American Family Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).  However, the court need not accept conclusory allegations as truthful.  Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

In a motion to dismiss for failure to join a party under Rule 19, there is a two-step analysis to determine whether a party should or must be joined.  Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 819 (9th Cir. 1985).  Under Rule 19(a)(1), the court must first determine whether the party is necessary.  Id.  A party is necessary if

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A)-(B).

If the party is necessary, but his joinder will destroy jurisdiction, then the court must consider whether "in equity and good conscience" the action should proceed without his joinder. Takeda, 765 F.2d at 819; see also E.E.O.C. v. Peabody W. Coal Co., 400 F.3d 774, 779 (9th Cir.

5 - OPINION & ORDER

2005) (noting that whether a party is indispensable to an action involves "three successive inquiries" with the first determining whether the absent party is "required," the second determining the feasibility of joinder, and the third, if the absent party is required and cannot feasibly be joined, whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed."). Four factors are relevant to the indispensable inquiry:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). The analysis under Rule 19 is "a practical, fact-specific one, designed to avoid the harsh results of rigid application." Dawavendewa v. Salt River Project Agric. Improvement & Power Dist., 276 F.3d 1150, 1154 (9th Cir. 2002).

## DISCUSSION

Defendant Wai Lana moves to dismiss counterclaim-plaintiff Bibiji's claims for failure to join co-owners of the trademark "Yogi Tea". The issue is whether a co-owner of a trademark may proceed with an infringement action without the presence of the other co-owner(s). The analysis involves determining (1) whether the absent co-owners are necessary parties, (2) if the absent co-owners are necessary parties, whether joinder is feasible, and finally (3) if joinder is not feasible, whether the absent co-owners are indispensable parties, such that the case cannot proceed without them.

### A.    Necessary Party

Wai Lana argues that all co-owners of a trademark are necessary parties. Def.'s Memo. in

Supp. of Mot. to Dismiss ("Wai Lana Mot."), 4.  Bibiji counters that the absent co-owners are not necessary parties because she can adequately represent their interests.  Bibiji Inderjit Kaur Puri's Memo. in Opp. to Mot. to Dismiss ("Bibiji Opp."), 5.  In determining whether the absent co-owners are necessary parties, I will consider whether the absent co-owners claim a legally protected interest such that a decision in their absence will either (1) impair or impede their ability to protect that interest or (2) expose the existing parties, Wai Lana or Bibiji, to multiple or inconsistent obligations.[2]

"Courts have held consistently that the owner of allegedly infringed intellectual property rights is a person needed for just adjudication under Rule 19."  Lisseveld v. Marcus, 173 F.R.D. 689, 693 (M.D. Fla. 1997); JTG of Nashville, Inc. v. Rhythm Band, Inc., 693 F. Supp. 623, 626 (M.D. Tenn. 1988).  This general rule applies to trademark actions as well.  Id. (citing Wright, Miller & Kane, Federal Practice and Procedure § 1614; Pure Food Prod., Inc. v. American Bakeries Co., 176 U.S.P.Q. (BNA) 233, 234 (N.D. Ill. 1972).  When ownership of a trademark is the central issue in a case, the trademark owner is a necessary party.  Lisseveld, 173 F.R.D. at 694.  Parties do not cite, and I have yet to find, a case in which the trademark owner was not necessary in an action for infringement.  Bibiji cites to Ass'n of Co-op. Members v. Farmland Indus., Inc., 684 F.2d 1134, 1143 (5th Cir. 1982) for the proposition that a court refused to join a trademark owner.  Bibiji Opp., 7.  This case does not stand for the stated proposition.  In Farmland, the allegedly necessary party did not even claim an interest in the infringed trademark.

---

[2]Bibiji argues that complete relief may be granted among the existing parties.  Bibiji Opp., 9; Fed. R. Civ. P. 19(a)(1)(A).  Wai Lana does not address this part of Rule 19 in its motion to dismiss, nor does it dispute Bibiji's statement in its reply.  Wai Lana Mot., 4-6; Wai Lana Reply, 6-7.  Therefore, I assume for the sake of argument that complete relief may be granted among the parties.

7 - OPINION & ORDER

Id. at 1139-40.

Bibiji also makes a distinction between some of the cited cases above and this case. In the cited cases, such as JTG, the licensee brought the infringement action, and the necessary party is the trademark owner. Here, Bibiji is an owner of the trademark, not a licensee. Bibiji Opp., 7. Presumably, Bibiji argues that as a co-owner, her interests are aligned with the absent co-owners. Even if the absent party's interest may be represented by an existing party, joinder may still be needed. JTG, 693 F. Supp. at 627. If the absent party is not represented by counsel, there is a risk that its interest will not be fully explored or asserted. Id.

Here, the identity of the absent co-owner(s) has yet to be settled. The Probate Action and the TM Ownership Action in New Mexico will determine who shares ownership of the Yogi Tea trademark with Bibiji or whether Bibiji owns 100% of the trademark. With half of the ownership rights in dispute, it is uncertain if the absent co-owners are impaired in their ability to protect their interest. There are three potential owners of the disputed 50% ownership interest: Bibiji, the Administrative Trust, and the Staff Endowment LLC. At this time, the remaining 50% interest has not vested in any of these parties. I cannot find that a party is necessary when it does not even have an interest in the disputed trademark.

   B.  Feasibility of Joinder

Wai Lana argues that the absent co-owners cannot be joined because of the lack of personal jurisdiction in Oregon. Wai Lana Mot., 6. Although in making this argument, Wai Lana assumes that Bibiji will not be found the sole owner of the trademark. Even assuming *arguendo* that this is true, I cannot determine at this juncture whether this Court has personal

jurisdiction over the trustees of the Administrative Trust[3] or Staff Endowment LLC.

C.  Indispensable Parties

This inquiry is premature for two reasons: (1) the identity of the absent co-owners is unknown and (2) joinder may be feasible if the absent co-owners agree to personal jurisdiction or they have sufficient contacts with Oregon. This analysis is appropriate only when it is clear that the necessary parties cannot be joined.

CONCLUSION

Defendant's motion to dismiss [#113] is denied because Wai Lana has not shown that Bibiji failed to join a necessary party. Wai Lana is free to join other parties that they perceive to have an interest in this case.

IT IS SO ORDERED.


Dated this  5th       day of December, 2011.


 /s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge

---

[3]At oral argument, Wai Lana noted that the Administrative Trustees may have submitted to Oregon jurisdiction based on their knowledge of a licensing agreement in a related case, Golden Temple of Oregon, LLC v. Puri, Case No. 11-CV-1358-HZ.